**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J. GRAY,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **6:25-cv-00202-DCJ-DJA** |
| **V.** | **CHIEF JUDGE DAVID C. JOSEPH** |
| **ACADIA HEALTHCARE, VERMILLION BEHAVIORAL HEALTH SYSTEMS, KAYLA CALLAHAN, and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | **MAGISTRATE JUDGE DAVID J. AYO** |
| **Defendants.** | |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), files this Motion to Dismiss Plaintiff's Complaint.  Specifically, Lincoln seeks dismissal of the Complaint because it asserts only state law causes of action against Lincoln that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA")

**I.**
**GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE**

In the Complaint, Plaintiff Urness J. Gray ("Plaintiff" or "Gray") brings a claim pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 O.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112 to 121 17; and The Fair Labor Standards Act (FLSA).[1]  Plaintiff seeks recovery under causes of action for termination of employment, failure to accommodate plaintiff's disability, race and disability discrimination, retaliation, and false advertising/misinformation.[2]  Plaintiff's claims and causes of action all appear to stem from her

---

[1]   See Complaint at ¶ II.
[2]   See Complaint at ¶ III.A-E, and Attachment:1 at Claim #1-10).

allegations regarding ADA accommodations, ADA leave, termination of her employment with Vermillion Behavioral Health Systems ("Vermillion"), and cancellation of her medical insurance, all of which are connected to her previous employment with Vermillion.[3]

While the basis for any claim or cause of action against Lincoln is unclear, the Complaint appears to seek relief based on Lincoln's administration of Plaintiff's claim for benefits from the Acadia Healthcare Company, Inc.[4] Long Term Disability Benefit Plan ("LTD Plan") under the Group Disability Income Policy GD/GF3-890-LF0943-01 (the "LTD Policy) that was issued by Lincoln to Acadia Healthcare Company, Inc. ("Acadia") to insure benefits from the LTD Plan.

The only conduct of Lincoln about which Plaintiff alleges against Lincoln in the Complaint is "Lincoln Financial Group False advertising (misinformation),"[5] and presumably pertains to Lincoln's administration and denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, which directly refers to Plaintiff's claim for benefits from the LTD Plan under the LTD Policy.  Therefore, it is clear that the Court must refer to the LTD Policy, Certificate of Coverage/Summary Plan Description ("Certificate"), and Lincoln's November 5, 2024, decision letter in assessing Plaintiff's ADA and state law causes of action.  Accordingly, true and correct copies of the LTD Policy (Exhibit A), Certificate of Coverage/Summary Plan Description (Exhibit B), and the November 5, 2024, letter from Lincoln to Plaintiff (Exhibit C) are attached to Lincoln's Motion to Dismiss Plaintiff's Complaint and incorporated herein by reference.

Absent from the Complaint are any legally cognizable claims against Lincoln upon which this Court may grant relief.  For each of the claims alleged in the Complaint, Gray has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed

---

[3]    See Complaint ¶ III E, Attachment 1 at Claim #1-9.
[4]    Vermillion Hospital is a subsidiary of Acadia Healthcare Company, Inc.
[5]    See Complaint ¶ III E, Attachment 1 at Claim #10.

to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA.  However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA").  Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[6] are insufficient to support the relief requested by Plaintiff.  Lincoln's arguments are set forth in detail in its Memorandum in Support of this Motion, which is filed herewith and incorporated herein.

## II.
## REQUEST FOR RELIEF

Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 7th day of May 2025.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:    lindsay.calhoun@phelps.com
Email:    keiran.mccluskie@phelps.com

---

[6]    For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true.  However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

- And –

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
*Pro Hac Vice* Motion Pending
**LAW OFFICES OF IWANA**
**RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone:  (214) 579-9319
Facsimile:  (469) 444-6456

**COUNSEL FOR DEFENDANT THE LINCOLN**
**NATIONAL LIFE INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ Lindsay Calhoun*
Lindsay Calhoun