**RECEIVED**
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 2 9 2025

DANIEL J. McCOY, CLERK
BY:_____

**United States District Court**
**Western District of Louisiana**
**Lafayette Division**

**Urness J. Gray,** *Plaintiff*
**Civil Action No. 6:25-cv-00202-DCJ-DJA**

v.

**The Lincoln National Life Insurance Company,**
**Acadia Healthcare, Vermillion Behavioral Health Systems, and Kayla Callahan,** *Defendants*

**Plaintiff's Response to Motion to Dismiss**

**Your Honor,**

I respectfully submit this response to contest the motion to dismiss filed by The

Lincoln National Life Insurance Company. This matter concerns the insurer's failure to provide proper policy disclosure and potential misrepresentation, which has directly impacted my ability to access coverage and benefits.

**Lack of Transparency and Access to Policy Documents**

The insurer failed to provide policyholders with the actual policy terms in its publicly available materials, including pamphlets and its website. These sources contained only general descriptions of coverage, without referencing the full policy. As a result, policyholders were unable to review key provisions necessary for making informed decisions regarding coverage and claims.

Furthermore, when I sought to verify my coverage, I was required to submit a specific request for a copy of the policy, as it was not readily accessible through routine consumer-facing documents. Louisiana law mandates that insurers act in good faith and deal fairly with policyholders. The lack of proactive disclosure raises concerns under **La. RS 22:1892**, which governs insurer obligations in handling claims and policyholder communication.

**Potential Misrepresentation and Consumer Harm**

The insurer's failure to provide clear and accessible policy details may constitute misrepresentation or misleading practices, violating policyholder rights under Louisiana's bad faith insurance laws. Courts have established that insurers must provide transparent and timely

information to prevent policyholders from being misled (*Kelly v. State Farm Fire & Casualty Co.*, 2015).

**Legal Framework Supporting My Claim**

Under Louisiana law, insurers are required to act in good faith when handling claims. **RS 22:1973** imposes a duty of fair dealing and requires insurers to adjust claims promptly and reasonably. Violations of these duties include:

- Misrepresenting policy provisions.
- Failing to pay settlements in a timely manner.
- Denying coverage without proper justification.
- Arbitrary delays in payments.

Additionally, **RS 22:1821** mandates that health and accident claims be paid within 30 days unless reasonable grounds exist. Failure to comply results in penalties, including double the benefits owed and attorney fees.

**Improper Denial of Coverage**

According to **RS 22:1043**, insurance policies must provide benefits for the treatment of severe mental illnesses under the same terms as other medical conditions. My psychologist diagnosed me with *major depressive disorder* on February 26, 2024, which qualifies as a severe mental illness under this statute. The denial of my claim disregards legal protections for mental health coverage.

Moreover, Louisiana Mental Health Law (*Title 28*) guarantees patients the right to treatment in the least restrictive environment. Denying financial assistance forced me to discontinue therapy sessions, which contradicts the principles of informed consent and autonomy outlined in **RS 28:171.1(5)**.

**Request for Relief**

I respectfully urge the court to consider the insurer's lack of transparency as a contributing factor to my hardship. As a policyholder, I relied on the insurer's representations, yet the absence of clear documentation created unnecessary obstacles in accessing my rightful benefits.

I am seeking relief from The Lincoln National Life Insurance Company as follows:

- **$1,000 per week** for **72 weeks**, starting August 19, 2023, through December 31, 2024.
- Deduction of **$2,461.36** (already paid short-term benefits) and **$4,138.64** (offset from paid time off).
- Compensation for the time and effort required to compile documentation due to the insurer's failure to act in good faith.
- Additional damages for the disruption of my medical care, which resulted in an inability to continue therapy sessions.

The insurer was responsible for both my short-term and long-term disability policies, as well as life insurance policies for my husband and myself. Their failure to provide coverage has had a significant financial and emotional impact.

**Conclusion**

Transparency is fundamental to fair insurance practices. The insurer's failure to disclose policy terms publicly and clearly places an undue burden on policyholders seeking coverage. Given the legal precedents surrounding fair claims handling and mental health protections, I request that the court provide appropriate relief.

**Thank you for your time and consideration.**
**Respectfully,**
Urness Gray

125 Rue Viansa

Lafayette, La 70501