**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J. GRAY,** | **CIVIL ACTION NO.** |
| | **6:25-cv-00202-DCJ-DJA** |
| **Plaintiff,** | |
| | **CHIEF JUDGE DAVID C. JOSEPH** |
| **V.** | |
| | **MAGISTRATE JUDGE** |
| **ACADIA HEALTHCARE, VERMILLION** | **DAVID J. AYO** |
| **BEHAVIORAL HEALTH SYSTEMS,** | |
| **KAYLA CALLAHAN, and THE** | |
| **LINCOLN NATIONAL LIFE** | |
| **INSURANCE COMPANY,** | |
| | |
| **Defendants.** | |

**REPLY IN SUPPORT OF DEFENDANT THE LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Reply in

Support of Its Motion to Dismiss Plaintiff's Complaint, and states as follows:

**I.**
**THE CLAIMS RAISED BY GRAY AGAINST LINCOLN IN THE COMPLAINT,**
**INCLUDING ANY ELABORATION OF SUCH CLAIMS IN GRAY'S RESPONSE TO**
**LINCOLN'S MOTION TO DISMISS, ARE ALL PREEMPTED BY ERISA**

In the Complaint, Plaintiff Urness J. Gray ( "Gray") brings a claim pursuant to the Title

VII of the Civil Rights Act of 1964, as codified, 42 OS.C. §§ 2000e to 2000e-17 (race, color,

gender, religion, national origin); Americans with Disabilities Act of 1990, as codified, 42

U.S.C. §§ 12112 to 121 17; and The Fair Labor Standards Act (FLSA).[1]  Gray seeks recovery

under causes of action for termination of employment; failure to accommodate Gray's disability,

race and disability; discrimination; retaliation; and false advertising/misinformation.[2]  Gray's

causes of action in the Complaint all appear to stem from her allegations regarding ADA

---

[1]    See Complaint at ¶ II.
[2]    See Complaint at ¶ III A-E, and Attachment:1 at Claim #1-10).

accommodations, ADA leave, termination of her employment with Vermillion Behavioral Health Systems ("Vermillion"), and cancellation of her medical insurance, all of which are connected to her previous employment with Vermillion.[3]

However, in her Response, Gray provides more information about her claim against Lincoln, and it appears Gray bases those claims on Lincoln's administration of Gray's claim for benefits from the Acadia Healthcare Company, Inc.[4] Long Term Disability Benefit Plan ("LTD Plan") under the Group Disability Income Policy GD/GF3-890-LF0943-01 (the "LTD Policy) that was issued by Lincoln to Acadia Healthcare Company, Inc. ("Acadia") to insure benefits from the LTD Plan.

The only conduct of Lincoln about which Gray alleges against Lincoln in the Complaint is "Lincoln Financial Group False advertising (misinformation)",[5] and based on the Response, it presumably pertains to Lincoln's administration and denial of Gray's claim for benefits from the LTD Plan under the LTD Policy, which directly refers to Gray's claim for benefits from the LTD Plan under the LTD Policy. Moreover, in her Response, Gray states "Improper Denial of Coverage," which clearly also directly refers to Gray's claim for benefits from the LTD Plan under the LTD Policy.

Absent from the Complaint and Response are any legally cognizable claims against Lincoln upon which this Court may grant relief. For each of the claims alleged by Gray, she has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. However, these causes of action are all preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA").

---

[3]    See Complaint ¶ III E, Attachment 1 at Claim #1-9.
[4]    Vermillion Hospital is a subsidiary of Acadia Healthcare Company, Inc.
[5]    See Complaint ¶ III E, Attachment 1 at Claim #10.

**REPLY IN SUPPORT OF DEFENDANT THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**                    **PAGE 2**

Accordingly, the allegations pled in the Complaint in support of Gray's claims, even if taken as true,[6] are insufficient to support the relief requested by Gray.

It is evident from the Gray's Complaint, her Response to Lincoln's Motion to Dismiss, and from the Policy that the disability plan at issue is an ERISA plan.[7] Further, the only conduct of Lincoln about which Gray complains in the Complaint is Lincoln's denial of Gray's disability benefits under the plan and the administration of her claim for benefits under the plan.[8] Therefore, it is clear that the Court must refer to the Policy issued by Lincoln to Gray's employer and the relevant plan documents in assessing Gray's state law causes of action. Thus, Gray's causes of action directly "relate to" the disability plan and are preempted. *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the Gray's benefits).

Additionally, as reflected by the Complaint and Gray's Response to Lincoln's Motion to Dismiss, any state law causes of action asserted by Gray are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the

---

[6] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

[7] See Complaint ¶ III E, Attachment 1 at Claim #1-10; Policy, Exhibit "A"; Plaintiff's allegations in the Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, <u>disability</u>, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir. 1990).

[8] See Complaint ¶ III E, Attachment 1 at Claim #10; see also Plaintiff's Response (Document 10).

event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44.  Accordingly, any state law causes of action asserted by Gray in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

## II.
## GRAY'S RESPONSE DOES NOT DISPUTE ERISA PREEMPTION OF HER CLAIMS AGAINST LINCOLN

For further argument, if necessary, in her Response, Gray makes no argument that ERISA preemption does not apply to the claims she has raised against Lincoln.  To the contrary, Gray continues to assert only state law claims in her Response.  However, these state law claims against Lincoln are all preempted by ERISA.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which Gray seeks long term disability benefits, as alleged in the Complaint, qualifies as an employee welfare benefit plan governed by ERISA.  Accordingly, ERISA fully preempts Gray's claims against Lincoln, and Lincoln's Motion should be granted.  However, Lincoln does not oppose the Court allowing Gray to file an amended complaint that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removing the state law causes of action against Lincoln.

## III.
## REQUEST FOR RELIEF

For the reasons and authorities discussed above, and in its Motion, Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 3rd day of June 2025.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Email: iwana@rademaekerslaw.com
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456

- And -

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
**PHELPS DUNBAR, LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:    lindsay.calhoun@phelps.com
Email:    keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to any non-CM/ECF participants.

*/s/ Iwana Rademaekers*
Iwana Rademaekers