**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| URNESS J. GRAY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Judge David C. Joseph** |
| v. ) | |
| ) | **Case No. 6:25-cv-00202-DCJ-DJA** |
| ACADIA HEALTHCARE COMPANY, ) | |
| VERMILION BEHAVIORAL HEALTH ) | |
| SYSTEMS, KAYLA CALLAHAN, and THE ) | |
| LINCOLN NATIONAL LIFE INS. COMPANY ) | |
| DISABILITY AND LIFE, ) | |
| ) | |
| **Defendants.** ) | |

**VERMILION DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Acadia Healthcare Company ("Acadia"), Vermilion Behavioral Health System ("Vermilion"), and Kayla Callahan (Ms. Callahan") (collectively, the "Vermilion Defendants") move this Court for the entry of an Order dismissing this case with prejudice because:

- Plaintiff failed to file her Complaint within ninety days of receiving her right-to-sue letter and, therefore, her Title VII and ADA claims are time-barred;

- Plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure's service requirements because she did serve a copy of the Complaint on any of the Vermilion Defendants within ninety days of filing her Complaint;

- Plaintiff failed to serve the Complaint properly under Rule 4 of the Federal Rules of Civil Procedure because the Summons and Complaint were neither served upon Ms. Callahan personally nor left at Ms. Callahan's dwelling and the Summons and Complaint were not served on officers, managing or general agents, or any other agents authorized to accept service for Vermilion or Acadia;

- Acadia, who was not named in Plaintiff's Charge of Discrimination, never employed Plaintiff and does not exercise any control over Vemilion's daily operations and, therefore, is not a proper party defendant;

- There is no individual liability under Title VII or the ADA and Plaintiff has not plausibly alleged that Ms. Callahan was her employer under the FLSA; and,

- Plaintiff failed to allege a plausible claim under Title VII, the ADA, and the FLSA because the Complaint does give the Vermilion Defendants notice of the factual basis for the specific claims against them.

No further amendment can cure these deficiencies and the Complaint should be dismissed as a matter of law.

In support of this Motion, the Vermilion Defendants rely upon the contemporaneously submitted Brief.

Dated: July 18, 2025

/s/ Philip J. Giorlando
Philip J. Giorlando
BREAZEALE, SACHSE & WILSON, LLP
909 Poydras Street, Suite 1500
New Orleans, LA 70112-4004
(504) 680-5244 direct dial
(504)584-5450 - facsimile
Philip.Giorlando@bswllp.com

Mark W. Peters (*pro hac vice application forthcoming*)
Cynthia T. Lee (*pro hac vice application forthcoming*)
HOLLAND & KNIGHT, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
markwpeters@hklaw.com
cynthia.lee@hklaw.com

*Counsel for the Vermilion Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss has been filed with the Clerk of Court

using the CM/ECF system upon the individuals identified below. A copy has also been served *via*

First Class Mail upon Plaintiff Urness Gray.

Lindsay J Calhoun
Phelps Dunbar (NO)
365 Canal St Ste 2000
New Orleans, LA 70130-6534
504-566-1311
lindsay.calhoun@phelps.com

Iwana Rademaekers
Law Offices of Iwana Rademaekers
17304 Preston Rd Ste 800
Dallas, TX 75252
214-579-9319
iwana@rademaekerslaw.com

*Counsel for Defendant Lincoln National Life Insurance Co.*


Urness Gray
125 Rue Viansa
Lafayette, Louisiana 70501

*Plaintiff*

on this 18th day of July, 2025.

/s/\_\_\_\_\_*Philip J. Giorlando*_____