IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| URNESS J. GRAY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Judge David C. Joseph** |
| v. ) | |
| ) | **Case No. 6:25-cv-00202-DCJ-DJA** |
| ACADIA HEALTHCARE COMPANY, ) | |
| VERMILION BEHAVIORAL HEALTH ) | |
| SYSTEMS, KAYLA CALLAHAN, and THE ) | |
| LINCOLN NATIONAL LIFE INS. COMPANY ) | |
| DISABILITY AND LIFE ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE VERMILION DEFENDANTS'
MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff was employed at-will as a Licensed Practical Nurse ("LPN") by Vermilion for almost a decade.  After her son, who worked as a Behavioral Health Associate at Vermilion, was terminated for patient abuse in August 2023, Plaintiff became disgruntled and stopped showing up to work.  Vermillion, including Human Resources Director Kayla Callahan, tried to retain Plaintiff by allowing her to take a leave of absence after she exhausted her accrued leave.  When Plaintiff refused to accept any work shifts for months after her leave ended, Vermilion separated her employment.

Plaintiff's *pro se* Complaint alleges a hodgepodge of "claims" against Acadia Healthcare Company ("Acadia"), Vermilion Behavioral Health System ("Vermilion"), and Kayla Callahan (Ms. Callahan") (collectively, the "Vermilion Defendants").  None of them meet the *Iqbal*

1

minimum pleading requirements.  They are, even read liberally, far from "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Beyond checking the boxes on the form Complaint for Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Fair Labor Standards Act, the Complaint does not give the Vermilion Defendants notice of the factual basis for the specific claims against them.  Thus, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

However, the Court need not consider whether Plaintiff has sufficiently alleged claims because her Complaint should be dismissed due to several procedural deficiencies.  First,  Plaintiff failed to file her Complaint within ninety days of receiving her right-to-sue letter.  Thus, her Title VII and ADA claims are time-barred.  Second, more than ninety days have passed since Plaintiff filed her Complaint and she still has failed to properly serve her Complaint on any of the Vermilion Defendants.

Plaintiff's Complaint should also be dismissed against Acadia because it has never employed Plaintiff, it does not implement or enforce personnel policies at Vermilion, and it does not exercise any control over Vermilion's daily operations.  She also did not file a Charge of Discrimination against it.

Plaintiff's claims against Ms. Callahan should also be dismissed because there is no individual liability under Title VII, and the ADA and Plaintiff has not plausibly alleged that Ms. Callahan was her employer under the FLSA.

## II.   LEGAL ANALYSIS

### A.  Plaintiff's Title VII and ADA Claims are Time Barred

A claimant who files a Charge of Discrimination with the EEOC has ninety days after receipt of a right-to-sue letter within which to file suit in state or federal court. *Borne v. River Pars. Hosp.*, 2011 WL 1001410, *3 (E.D. La. Mar. 18, 2011) (citing 42 U.S.C. § 2000e–5(f)(1)). "This 90–day limitation period is strictly construed" and federal courts in the Fifth Circuit have consistently dismissed claims when the plaintiff did not file suit within the 90–day limitation period. *Id.*

Plaintiff admits that she received a copy of her Notice of Right to Sue on November 19, 2024.[1]  Docket No. 1 at 5.  She filed her Complaint on February 18, 2025.  Docket No. 1.  She missed her filing deadline by one day.  Because Plaintiff failed to timely file her ADA and Title VII claims, they should be dismissed with prejudice. *See Butler v. Orleans Parish School Bd.*, 2001 WL 1135616, *2 (E.D.La. Sept.25, 2001) (dismissing plaintiff's complaint when the plaintiff filed ninety-one days after she received her right-to-sue letter).

### B. Insufficient Service of Process

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint should be dismissed for insufficient service of process if it has not been properly served.  Plaintiff bears the burden of establishing that service was sufficient. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).  The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions. *Harris v. Brown*, 2021 WL 4787277, *3 (W.D. La. Sept. 27, 2021). "Without valid service of process, proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Id.* (quotation removed).  Actual notice of the lawsuit is not a substitute for service of process as required by the Rules of Civil Procedure. *Hampton v. Walmart Store # 539*, 2024 WL 4906778, *2 (W.D. La. Nov. 12, 2024) ("Service on

---

[1] Plaintiff alleges she received her right to sue letter on November 19, 202<u>3</u>, but that is a typographical error and the correct year is 2024. *See* Docket No. 1-3.

3

an unauthorized employee is insufficient even if such service is sufficient to apprise the Corporation of the action pending against it."). Plaintiff's *pro se* status does not excuse her from complying with the applicable rules of service. *See NCO Fin. Sys., Inc. v. Harper-Horsley*, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### 1. *Plaintiff Failed to Timely Serve Her Complaint*

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve the defendants with a copy of the Complaint and a summons within 90 days of filing. Fed. R. Civ. P. 4(m). Plaintiff filed her lawsuit on February 18, 2025. *See* Docket No. 1. Summons were issued on February 28, 2025. Docket No. 4. More than ninety days have passed since Plaintiff filed suit but she still has not perfected service on any of the Vermilion Defendants. No return of service has been filed with the Court because service has not occurred.

Rule 4(m) requires dismissal when, as here, defendants are not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure. *Peters v. Chenmed Senior Med. Ctr.*, 2021 WL 6200127, at *1 (E.D. La. Apr. 23, 2021). Ignorance of the rules does not suffice to establish good cause under Rule 4(m). *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). Because Plaintiff did not comply with Rule 4(m)'s service requirements, the Court should dismiss this case for insufficient service of process. *See Kaden v. Chamisa Arts, Inc.*, 2016 WL 7616692, at *8 (W.D. Tex. July 15, 2016).

### 2. *Plaintiff's Methods of Service are Improper*

Pursuant to Rule 4(e) of the Federal Rules of Civ, an individual may be served with process pursuant to state law methods, by either personal or domiciliary service as defined in Rule 4(e)(2), or by delivering a copy of the summons <u>and</u> the complaint to an agent authorized by appointment

or by law to receive service of process.  Fed. R. Civ. P. 4(e); *Jason v. Nugent*, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005).  Pursuant to Rule 4(h)(1), a company may be served pursuant to state law methods or "by delivering a copy of the summons *and* the complaint…to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e), 4(h) (emphasis added).

Under Louisiana law, service upon an individual may be either personal or domiciliary. La. Code Civ. Proc. Ann. art. 1231.  For a corporation and a limited liability company, service is made by personal service on its designated agent for service of process.  La. Code Civ. Proc. Ann. art. 1261, 1266; *Hampton v. Walmart Store # 539*, 2024 WL 4906778, *1 (W.D. La. Nov. 12, 2024). "Personal service" is made when a *proper officer* tenders the citation or other process *to the person to be served*.  La. Code Civ. Proc. Ann. art. 1232.

There is no return of service for any of the Vermilion Defendants on the docket because Plaintiff never served the Complaint properly on any of them.  Plaintiff did not serve the Summons and the Complaint upon Ms. Callahan personally or leave a copy at Ms. Callahan's dwelling. Exhibit A, Declaration of Kayla Callahan at ¶¶ 13-14.  Nor did she serve the Summons and Complaint upon Vermilion's or Acadia's officers or managing agents or any other agents authorized to accept service for the respective companies.  Exhibit B, Declaration of Simone Hayes at ¶ 24.  Instead, on April 16, 2024, Plaintiff, or someone acting on her behalf, left a copy of the Summons and two documents (which did not include the Complaint) on the counter at the receptionist desk in Vermilion's front lobby.  Ex. A at ¶ 13.  Plaintiff mailed a copy of those same documents in an envelope addressed to Acadia's in-house counsel which was received by an unknown individual in the building.  Ex. B at ¶ 24.  None of those efforts by Plaintiff are legally sufficient.

While there are several methods under state law to properly effect service, all require the Summons <u>and</u> Complaint to be <u>served</u> on an individual. *King v. Robertson*, 2021 WL 6331973, *3 (W.D. La. Dec. 22, 2021). Thus, simply leaving the Summons at the Vermilion receptionist desk was insufficient for two reasons. *Id*. First, the receptionist is not "an officer, a managing or general agent, or an[] … agent authorized … to receive service of process" on behalf of Ms. Callahan or Vermilion. Ex. A at ¶ 15. And, regardless, "Louisiana law does not authorize service of an individual at the individual's workplace." *Smallwood v. New Orleans City*, 2016 WL 54934, *5 (E.D. La. Jan. 5, 2016). Second, Plaintiff's failure to include the Complaint in the documents that were left at the receptionist desk renders her attempted service against Vermilion and Ms. Callahan insufficient. *Bruce v. ACA Residential, L.L.C.*, 2024 WL 3512134, *2 (W.D. La. July 23, 2024) (service of process was insufficient because a copy of First Amended Complaint adding her as a defendant was not given to Ms. Hooter with the Summons when Plaintiff attempted to serve her). Accordingly, Ms. Callahan and Vermilion have not been properly served.

As to Acadia, service of process was ineffective under Rule 4(h)(1) for several reasons. First, "[n]either the Federal Rules of Civil Procedure, nor Louisiana law, provide for service of process on individuals within the state of Louisiana by certified mail." *Wells v. Gautreaux*, 2025 WL 850009, *3 (M.D. La. Mar. 18, 2025). Second, Ms. Hayes is not an officer or agent authorized to receive service of process on behalf of Acadia. Ex. B at ¶ 25; *Hampton*, 2024 WL 4906778, *2 (individual sought to be served must have been actually authorized to accept service of process on the would-be principal's behalf). Third, a copy of the Complaint was not included in the envelope to Ms. Hayes. Ex. B at ¶ 24; *see Bruce*, 2024 WL 3512134 (copy of complaint must be included for proper service). Therefore, service of process against Acadia is insufficient.

Because Plaintiff failed to perfect service against the Vermilion Defendants, her Complaint against them should be dismissed. *See Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

**C. Claims Against Acadia Should Be Dismissed for Lack of Personal Jurisdiction**

"Personal jurisdiction 'is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.'" *Lee v. OfferUp, Inc.*, 2018 U.S. Dist. LEXIS 152759, *3 (E.D. La. Sep. 7, 2018) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)). "Where a defendant challenges personal jurisdiction [through a Rule 12(b)(2) motion], the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). If a court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). When determining if personal jurisdiction exists, courts may consider not just the pleadings but also "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

This Court lacks general personal jurisdiction over Acadia because it does not have "continuous and systematic" general business contacts with the State of Louisiana. Acadia is a Delaware corporation with its principal place of business in Franklin, Tennessee. *See* Hayes Decl. at ¶¶ 3-4. It is not registered in the State of Louisiana nor authorized to conduct any business in Louisiana—much less "continuous and systematic" business. Moreover, Acadia does not have an office or place of business in Louisiana, own real property in Louisiana, or maintain bank accounts in Louisiana, and it has never appointed an agent for service of process in Louisiana or sued anyone

in Louisiana. *See* Hayes Decl. at ¶¶ 6-10. Acadia simply does not have the types of "continuous and systematic" business contacts in Louisiana for this Court to possess general jurisdiction over it, and Plaintiff has not and cannot satisfy her burden to show that this Court can exercise general jurisdiction over it. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (no personal jurisdiction where defendant had no office, bank accounts, employees, or postal address in Louisiana; had never owned or leased any property in Louisiana; and had never been registered to do business or paid taxes in Louisiana); *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (general jurisdiction could not be sustained where the defendant was not registered to so do business in the forum state and had never maintained an office there even though it routinely arranged shipments to and from the forum and regularly sent salespeople to the forum). Indeed, the District Court for the Eastern District of Louisiana has determined this same issue previously with respect to Acadia. *See Hamm v. Acadia Healthcare Co.,* 2021 WL 1212539, *3 (E.D. La. Mar. 31, 2021) (dismissing claims against Acadia for lack of general jurisdiction and noting that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

This Court also lacks specific personal jurisdiction over Acadia. Plaintiff's claims in the Complaint, though vague, appear to be claims for race and disability discrimination, retaliation, and a violation of the FLSA while she was employed at Vermilion. At no point was Plaintiff ever employed by Acadia and she does not claim that she was. *See* Hayes Decl. at ¶ 11; Callahan Decl. at ¶ 5; Docket No. 1, *passim*. Put simply, Plaintiff has not alleged – nor could she consistent with her Rule 11 obligations – that Acadia "purposefully directed its activities at Louisiana" and it is clear that "this litigation does not result from alleged injuries that arise out of or relate to those activities." *Hamm*, 2021 WL 1212539 at *10; *see also Brumfield v. TransUnion, Inc.,* 2020 WL

8

1083598, *3 (E.D. La. Mar. 6, 2020); *Sec. Data Supply, LLC v. Nortek Sec. Control, LLC*, 2018 U.S. Dist. LEXIS 90736, *10 (E.D. La. May 31, 2018).

### D.  Failure to State a Claim Upon Which Relief Can Be Granted

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is not facially plausible unless a plaintiff pleads factual content that permits the court to reasonably infer that the defendants are liable for the alleged misconduct.  *Id.*  Although courts construe *pro se* complaints liberally when deciding a motion to dismiss, those complaints must nonetheless "set forth facts giving rise to a claim on which relief may be granted."  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).  Dismissal is appropriate where, as here, the court is unable to determine the true substance of a plaintiff's claims even when liberally construed.  *See id*.  The Fifth Circuit is firm that courts will not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc*., 365 F.3d 353, 361 (5th Cir. 2004).

### 1.  *Plaintiff Failed to Allege a Plausible Title VII Claim*

Beyond her unintelligible and incomplete assertion that "2 caucasian nurses were able to w [sic]", there are no factual allegations to indicate the bases for Plaintiff's race discrimination claim.  It is unclear whether Plaintiff is alleging that she was not adequately compensated because of her race, did not enjoy certain privileges because of her race, was mistreated because of her race, was not promoted because of her race, or was terminated because of her race.  It is well established that "[a]llegations of a complaint must be sufficient to give the defendant fair notice of what the...claim is and the grounds upon which it rests."  *England v. Adm'r s of the Tulane Educ. Fund*, (E.D. La. Nov. 3, 2016); *see also Chhim v. Univ. of Texas at Austin*, 836 F.3d 467,

470 (5th Cir. 2016) (while a plaintiff does not have to submit evidence to establish a *prima facie* case of discrimination at the pleading stage, she must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible.").  Plaintiff has failed to allege facts sufficient to give the Vermilion Defendants notice of the grounds upon which her race discrimination claim rests and they "should not have to make such inferences on [their] own, nor guess as to what [they] think[] Plaintiff[] might be alleging."  *Cardiovascular Surgery of Alexandria, LLC v. Kerry*, 2011 WL 672244, *6 (W.D. La. Feb. 17, 2011).

Here, Plaintiff does not identify herself as a member of any protected class; she does not even indicate what her race is in the Complaint.

Plaintiff likewise does not allege that she was qualified for the position, that she received less favorable treatment than others similarly situated outside of her protected class, or that Vermilion's separation of her employment was made under circumstances that give rise to an inference of unlawful discrimination.

Put simply, Plaintiff fails to plausibly allege the elements necessary for a disparate treatment race discrimination claim under Title VII and the claim must be dismissed.  *See Chimm*, 836 F.3d at 471 (dismissal affirmed because the complaint did not allege any facts, direct or circumstantial, that would suggest the University's actions were based on race or national origin or that the University treated similarly situated applicants of other races or national origin more favorably).

### 2.  *Plaintiff Fails to State a Claim for ADA Discrimination*

First, Plaintiff has not alleged that she is a qualified individual with a disability.  Rather, she states conclusory only that she is "unable to keep emotions in check."  Docket No. 1 at 4. Putting aside that one's ability to "keep emotions in check" is a critical and essential requirement

of working in a behavioral health facility, that Plaintiff is "unable to keep emotions in check" is not enough to plausibly state a claim for protection under the ADA.  *See Crawford v. Texas Dep't of Crim. Just.*, 2022 WL 13801161, *6 (E.D. Tex. Aug. 9, 2022).  Likewise, Plaintiff makes no allegations related to the duration, impact, or severity of her "inability to keep emotions in check" that would permit the Court to plausibly infer she is disabled under the ADA.  *See E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th Cir. 2009).

Plaintiff's ADA discrimination claim also fails because she has not alleged any facts connecting her termination (or any other purported adverse employment action) to her alleged disability.  To the contrary, Plaintiff's "Claim #6," states that she was informed that if she failed to show up to work for two consecutive months, her employment would be terminated (she failed to show up for over six months).  Doc. No. 1-2 at 1.  That has nothing to do with her inability to keep her emotions in check.

### 3. *Plaintiff Fails to State a Claim for Failure to Accommodate*

Plaintiff checked the "Failure to Accommodate" box on the *pro se* form Complaint but fails to explain how any of the Vermilion Defendants purportedly failed to accommodate her.  "Claim # 6" states that she was notified that her accommodation was expiring for lack of documentation.  *See* Doc. No. 1-2 at 1.  That, of course, is no evidence or any allegation of unlawful action.  In truth, it is an admission that she was accommodated.[2]  *See id.* at 13.  Plaintiff's

---

[2] It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.  Sligh v. City of Conroe, Texas, 87 F.4th 290, 298 (5th Cir. 2023).  Indeed, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment."  Gen. Elec. Cap. Corp. v. Posey, 415 F.3d 391, 398 n. 8 (5th Cir. 2005).  Plaintiff does just that.

conclusory allegation of failure to accommodate is, therefore, insufficient to plausibly establish her claim under the ADA and should be dismissed.

### 4.   *Plaintiff Has Not Stated a Claim Under the FLSA*

It appears that Plaintiff's FLSA claim is based on what she claims was a late payment for the pay period ending September 23, 2023. *See* Doc. 1-2 at 1.  She acknowledges that any delay or error was corrected within a week and a half.  *Id.*

A plaintiff alleging a failure to promptly pay under the FLSA must plead sufficient facts in support of their claims.  *Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 148 (E.D.N.Y. 2023).  To determine whether the FLSA's prompt payment requirement has been violated, courts generally look to the Second Circuit's decision in *Rogers v. City of Troy*, 148 F.3d 52, 55 (2nd Cir. 1998), which provides that generally, an employer has not violated the FLSA prompt payment requirement when (a) the change in the pay schedule is made for a legitimate business reason; (b) does not result in an unreasonable delay in payment; (c) is intended to be permanent; and (d) does not have the effect of evading the FLSA's substantive minimum wage or overtime requirements. *See West v. City of Holly Springs, Mississippi*, 2019 WL 1984321, *1 (N.D. Miss. May 3, 2019) (relying on standard); *Ramirez v. Tifaret Disc., Inc.*, 2023 WL 6318616, *6 (S.D.N.Y. Sept. 28, 2023) (adopting standard).

Plaintiff's only allegation is that her payment was delayed by a week and a half.  "Although a lenient standard, general allegations that an employer violated FLSA are insufficient."  *Fleming v. Elliot Sec. Sols., LLC*, 2020 WL 4014837, *3 (E.D. La. July 16, 2020).  "Even at this early stage of litigation, Plaintiff's [singular] allegation is plainly insufficient to sustain a late payment claim under the FLSA."  *Ramirez*, 2023 WL 6318616 at *6 (plaintiff's sole allegation that defendants delayed payment during holidays until at least the following week is insufficient to sustain a late

payment claim under the FLSA); *West*, 2019 WL 1984321 at *1 (plaintiffs experiencing overpayment and brief delays in payments is not the factual scenario the FLSA was enacted to address).  Plaintiff fails to present any factual allegations that the delayed and then corrected payment was unreasonable, was without any legitimate business reason, and had the effect of evading the minimum wage requirements.  Therefore, she has failed to sufficiently allege a claim under the FLSA.  *See Ramirez*, 2023 WL 6318616 at *6.

### 5.  *Plaintiff Fails to State a Claim for Retaliation*

Plaintiff does not identify under which statute she claims retaliation.  The "retaliation" she claims appears to have occurred after her employment ended.  *See* Docket No. 1-2 at 1 (claiming that she had to miss several appointments due to her alleged December 4, 2023 termination and the cancellation of her insurance and then complained about that to Lorenzon Rivera).  Even a liberal reading of the Complaint does not reveal any allegation that would support Plaintiff's attempted retaliation claim under any statute.  Accordingly, her retaliation claim must be dismissed as a matter of law.

### E.  No Individual Liability

As a matter of law, there is no individual liability under Title VII or the ADA.  *See Hilliard v. Par.*, 991 F. Supp. 2d 769, 774 (E.D. La. 2014) ("The law is clear in the Fifth Circuit that there is no individual liability under Title VII."); *Ricks v. Friends of WWOZ, Inc.*, 2019 WL 3858950, at *3 (E.D. La. Aug. 15, 2019) ("Courts in this district have frequently concluded that the considerations precluding individual liability under Title VII apply with equal force in ADA actions.") (citation omitted).  Therefore, Plaintiff's Title VII and ADA claims against Ms. Callahan should be dismissed.

Plaintiff's FLSA claim against Ms. Callahan should similarly be dismissed because Ms.

Callahan was not Plaintiff's employer and the Complaint does not allege any fact to support a claim that she can be held liable as an employer under the FLSA. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206–07) ("To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'").

### III.    CONCLUSION

For the foregoing reasons, the Vermilion Defendants ask the Court to dismiss the Complaint. Because Plaintiff will be unable to amend her Complaint to assert any viable claim against any of the Vermilion Defendants, any attempted amendment would be futile and the dismissal should be with prejudice.

/s/ Philip J. Giorlando
Philip J. Giorlando
BREAZEALE, SACHSE & WILSON, LLP
909 Poydras Street, Suite 1500
New Orleans, LA 70112-4004
(504) 680-5244 direct dial
(504)584-5450 - facsimile
Philip.Giorlando@bswllp.com

Mark W. Peters (*pro hac vice application forthcoming*)
Cynthia T. Lee (*pro hac vice application forthcoming*)
HOLLAND & KNIGHT, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
markwpeters@hklaw.com
cynthia.lee@hklaw.com

*Counsel for the Vermilion Defendants*

14

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss has been filed with the Clerk of Court

using the CM/ECF system upon the individuals identified below. A copy has also been served *via*

First Class Mail upon Plaintiff Urness Gray.

Lindsay J Calhoun
Phelps Dunbar (NO)
365 Canal St Ste 2000
New Orleans, LA 70130-6534
504-566-1311
lindsay.calhoun@phelps.com

Iwana Rademaekers
Law Offices of Iwana Rademaekers
17304 Preston Rd Ste 800
Dallas, TX 75252
214-579-9319
iwana@rademaekerslaw.com

*Counsel for Defendant Lincoln National Life Insurance Co.*


Urness Gray
125 Rue Viansa
Lafayette, Louisiana 70501

*Plaintiff*

on this 18th day of July, 2025.

/s/     *Philip J. Giorlando*