UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

AUG 1 2 2025

BY:_____  DANIEL J. McCOY, CLERK

Urness Gray,

Plaintiff,

v.

Vermilion Defendants, et al.,

Defendants.


Civil Action No. 6:25-cv-00202-DCJ-DJA


PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS


I. INTRODUCTION

Plaintiff respectfully submits this memorandum in opposition to Defendants' Motion to Dismiss. Plaintiff has sufficiently alleged claims under the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and applicable retaliation statutes. Defendants' motion mischaracterizes the nature and context of Plaintiff's allegations and prematurely seeks dismissal without affording Plaintiff the opportunity to amend or clarify factual assertions.


II. PLAINTIFF HAS STATED A CLAIM UNDER THE FLSA

Defendants argue that Plaintiff's FLSA claim is based solely on a corrected late payment. However, Plaintiff's allegations reflect a broader pattern of wage interference during a period of medical vulnerability and protected activity. The late payment was not an isolated clerical error but part of a retaliatory scheme that included threats, denial of accommodations, and cancellation of insurance.

Courts evaluating prompt payment violations under the FLSA consider whether the delay was unreasonable, lacked a legitimate business reason, and had the effect of evading wage protections. See Rogers v. City of Troy, 148 F.3d 52, 55 (2d Cir. 1998); Ramirez v. Tifaret Disc., Inc., 2023 WL 6318616, at *6 (S.D.N.Y. Sept. 28, 2023). Plaintiff alleges that the delay occurred during a period of protected leave and was accompanied by other adverse actions, supporting a plausible claim under the FLSA.

## III. PLAINTIFF HAS STATED A CLAIM FOR RETALIATION

Defendants assert that Plaintiff fails to identify a statutory basis for her retaliation claim. However, Plaintiff's retaliation allegations arise under Title VII, ADA, FMLA, and FLSA. Plaintiff engaged in protected activity by requesting accommodations, reporting misconduct, and asserting her rights under federal law. In response, Defendants interfered with her pay, denied accommodations, and ultimately terminated her employment.

Post-termination retaliation—including cancellation of insurance and denial of access to medical care—further supports Plaintiff's claims. Courts recognize that retaliation may occur after employment ends, particularly when it affects access to benefits or deters future protected activity. See Robinson v. Shell Oil Co., 519 U.S. 337 (1997).

## IV. INDIVIDUAL LIABILITY UNDER THE FLSA

Defendants correctly note that Title VII and ADA do not permit individual liability. However, Plaintiff's FLSA claim against Ms. Callahan is based on her operational control over Plaintiff's wages, assignments, and termination. Under the FLSA, an individual may be liable if they exercise control over employment conditions. See Donovan v. Grim Hotel Co., 747 F.2d 966, 971 (5th Cir. 1984).

Plaintiff alleges that Ms. Callahan directed HR decisions across multiple facilities, interfered with Plaintiff's pay and benefits, and participated in retaliatory actions. These facts support a plausible claim of employer liability under the FLSA.

## V. LEAVE TO AMEND

Should the Court find any portion of Plaintiff's Complaint insufficient, Plaintiff respectfully requests leave to amend. Amendment would not be futile, as Plaintiff can provide additional factual details to support each claim. Courts routinely grant leave to amend in early stages of litigation to ensure claims are adjudicated on their merits.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. Alternatively, Plaintiff requests leave to amend the Complaint to cure any deficiencies.

Respectfully submitted,

Urness Gray

Pro Se Plaintiff

125 Rue Viansa

Lafayette, LA 70501

(337) 541-4163

Urnessgray@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I mailed a copy of the foregoing Memorandum in Opposition to Defendants' Motion to Dismiss via U.S. Mail, postage prepaid, to:

Phillip J. Giorlando

Breazeale, Sachse & Wilson, LLP

909 Poydras Street, Suite 1500

New Orleans, La 70112-4004

I further certify that I filed the original with the Clerk of Court for the Western District of Louisiana.

Respectfully submitted

Urness Gray

Pro Se Plaintiff