IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| URNESS J. GRAY | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 6:25-cv-00202-DCJ-DJA |
| v. | ) | |
| | ) | Judge David C. Joseph |
| ACADIA HEALTHCARE COMPANY, | ) | |
| VERMILION BEHAVIORAL HEALTH | ) | |
| SYSTEMS, KAYLA CALLAHAN, and | ) | |
| THE LINCOLN NATIONAL LIFE INS. | ) | |
| COMPANY DISABILITY AND LIFE, | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF THE VERMILION DEFENDANTS' MOTION TO DISMISS**

### I.    Introduction

Plaintiff's Response does not discuss or analyze any of the procedural deficiencies that are fatal to her Complaint raised by the Vermilion Defendants' Motion to Dismiss. Thus, she has conceded that she failed to serve any of the Vermilion Defendants, her Title VII and ADA claims are time-barred, and she failed to exhaust her administrative remedies against Acadia. The Complaint should be dismissed for these reasons alone. Likewise, the Response does not discuss or analyze the substantive argument made by the Vermilion Defendants that the Complaint fails to state claims under Title VII and the ADA, thus providing another, independent reason for dismissal of those claims.

Instead, the Response includes new "facts" (along with some documents that are not part of the original Complaint), argues that Ms. Callahan is an "employer" under the FLSA, and asks permission to amend without filing a separate motion or proposed Amended Complaint. None save the Complaint from dismissal with prejudice.

## II.    Legal Analysis

### A. Plaintiff Failed to Respond to the Vermilion Defendants' Legal Arguments, Thus Conceding Them.

This Court has made clear that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, it may treat those arguments that the plaintiff failed to address as conceded. *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019); *see also Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."). Here, Plaintiff failed to respond to the Vermilion Defendants' procedural arguments that she: (a) failed to effectuate proper and timely service of process on any of them;[1] (b) failed to file the Complaint within ninety days of receiving her right-to-sue letter; and, (c) failed to file a Charge of Discrimination against Acadia and thus failed to administratively exhaust. Likewise, Plaintiff failed to respond to the Vermilion Defendants' substantive arguments that the Complaint fails to state a claim upon which relief can be granted under Title VII and the ADA and that the Court does not have personal jurisdiction over Acadia.[2] The Court should accept all of these arguments as conceded and dismiss the Complaint with prejudice.

---

[1] The Response includes a receipt from the United States Postal Service and two Certified Mail receipts. *See* Docket No. 19-1 at 27. The Court should disregard them because they were not referred to or attached to the Complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (when reviewing a 12(b)(6) motion, the Court "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."). Moreover, the receipts do not respond to or contest the Vermilion Defendants' arguments that Plaintiff failed to serve a copy of the Complaint and Summons on each of them, failed to timely file the Complaint and failed to exhaust her administrative remedies against Acadia.

[2] The Response includes a document identifying "Acadia" facilities in Louisiana. *See* Docket No. 19-1 at 28-31. As with the receipts, the Court should disregard it because it was not referred to or attached to the Complaint. *Lone Star Fund V*, 594 F.3d at 387. Moreover, that a parent company has subsidiaries in Louisiana does not mean that the Court has personal jurisdiction over the parent. *See Hamm v. Acadia Healthcare Co.*, 2021 WL 1212539, *4-7 (E.D. La. Mar. 31, 2021). The Response does not provide any countervailing legal authority.

#526561408_v4

**B. The Complaint Does Not Allege Sufficient Facts to Plausibly Allege a Claim Under the FLSA.**

Plaintiff failed to state a claim under the FLSA because her singular allegation that her compensation was delayed by a week and a half is legally insufficient. *See* Docket No. 12-1 at 12-13. Plaintiff's Response does not dispute that argument or point to any facts in her Complaint that could be sufficient to support her prompt payment claim under the FLSA. Instead, she changes theories and claims a "broader pattern of wage interference during a period of medical vulnerability and protected activity" and that her alleged late payment was "not an isolated clerical error but part of a retaliatory scheme." Docket No. 19 at 1. Plaintiff's attempted switch is of no legal impact. *Becnel v. St. Charles Par. Sheriff's Off.*, 2015 WL 5665060, *1 (E.D. La. Sept. 24, 2015) ("It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."). Plaintiff's new FLSA theory is so vague that, even if considered, it is insufficient to plausibly suggest that the Vermilion Defendants violated the FLSA. *See Fleming v. Elliot Sec. Sols., LLC*, 2020 WL 4014837, *3 (E.D. La. July 16, 2020) ("Although a lenient standard, general allegations that an employer violated FLSA are insufficient.").

Plaintiff posits that Ms. Callahan can be held liable under the FLSA as an "employer" and claims in the Response that she had operational control over Plaintiff's wages, assignments, and termination, directed Human Resources decisions across multiple facilities, and participated in retaliatory actions.[3] Docket No. 19 at 2. But those allegations – like the various documents she attached to the Response (*see* Doc. 19-1 at 8-20, 22, 24-25 and 27-31) – are nowhere in the Complaint and thus cannot be considered by the Court. *Becnel*, 2015 WL 5665060 at *1; *Lone Star Fund V*, 594 F.3d at 387. Moreover, Plaintiff's conclusory assertions do not plausibly suggest

---

[3] Plaintiff concedes that there is no individual liability under Title VII or the ADA and, therefore, her claims against Ms. Callahan under those statutes must be dismissed. *See* Docket No. 19 at 2.

#526561408_v4

that Ms. Callahan has "substantial control of the terms and conditions of [Plaintiff's] work or operational control, or effectively dominates its administration or otherwise acts, or has the power to act, on behalf of [Vermilion] vis-a-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). Plaintiff's sole allegation is that her payment was delayed and that this error was corrected within a week and a half. This allegation is insufficient to state a claim against Ms. Callahan (or any of the other Vermilion Defendants). *West v. City of Holly Springs, Mississippi*, 2019 WL 1984321, *1 (N.D. Miss. May 3, 2019).

### C. Plaintiff Fails to Allege Sufficient Facts to State a Retaliation Claim Under Any Statute.

Plaintiff claims that her retaliation allegations arise under Title VII, the ADA, the FMLA,[4] and the FLSA and the adverse employment actions were "cancelling her insurance and denying her access to medical care." Docket No. 19 at 2. Putting aside that she does not even mention the FMLA in the Complaint, her retaliation claim(s) – even as explained in the Response – are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without more, Plaintiff's retaliation claims must be dismissed as a matter of law.

### D. Plaintiff's Request to Amend Should Be Denied Because Amendment Would Be Futile.

This Court has discretion to dismiss a complaint with prejudice if amending the complaint would clearly be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Plaintiff cannot cure the procedural defects through amendment. For example, Plaintiff cannot restart the ninety-day period in which she had to pursue her federal discrimination claims. *Borne v. River Pars. Hosp.*, 2011 WL 1001410, *3 (E.D. La. Mar. 18,

---

[4] The FMLA is never even mentioned in the Complaint. She cannot make a claim under it in her Response. *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

4

#526561408_v4

2011).  Likewise, she cannot cure through an amendment to the Complaint her failure to exhaust her administrative remedies against Acadia because her time to file a timely Charge against Acadia has long passed.  *Williams v. Cardinal Health 200, LLC*, 948 F. Supp. 2d 652, 660 (E.D. La. 2013). While courts construe complaints liberally when deciding a motion to dismiss, it does not excuse Plaintiff from complying with the applicable rules.  *See NCO Fin. Sys., Inc. v. Harper-Horsley*, 2008 WL 2277843, *3 (E.D. La. May 29, 2008).  And, of course, it is not the Court's job – even though Plaintiff is proceeding *pro se* – to comb through the Complaint and create causes of action for the plaintiff when there are none.  *Perez v. Edwards*, 2021 WL 930287, *3 (M.D. La. Feb. 23, 2021).

### III.    Conclusion

For the foregoing reasons, as well as those set forth in the Vermilion Defendants' Motion to Dismiss and Supporting Memorandum of Law, the Court should dismiss the Complaint with prejudice.

Dated: August 29, 2025

/s/ Cynthia Lee
Philip J. Giorlando
BREAZEALE, SACHSE & WILSON, LLP
909 Poydras Street, Suite 1500
New Orleans, LA 70112-4004
(504) 680-5244 direct dial
(504)584-5450 - facsimile
Philip.Giorlando@bswllp.com

Mark W. Peters (admitted *pro hac vice*)
Cynthia T. Lee (admitted *pro hac vice)*
HOLLAND & KNIGHT, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
markwpeters@hklaw.com
cynthia.lee@hklaw.com

5

#526561408_v4

*Counsel for the Vermilion Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of Motion to Dismiss has been served *via* the Court's electronic filing system upon the following:

Lindsay J Calhoun
Phelps Dunbar (NO)
365 Canal St Ste 2000
New Orleans, LA 70130-6534
504-566-1311
lindsay.calhoun@phelps.com

Iwana Rademaekers
Law Offices of Iwana Rademaekers
17304 Preston Rd Ste 800
Dallas, TX 75252
214-579-9319
iwana@rademaekerslaw.com

*Counsel for Defendant Lincoln National Life Insurance Co.*

Urness Gray
125 Rue Viansa
Lafayette, Louisiana 70501

*Plaintiff*

on this the 29th day of August, 2025.

/s/*Cynthia Lee*

6

#526561408_v4