**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J GRAY** | **CASE NO.  6:25-CV-00202** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ACADIA HEALTHCARE ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Now before this Court are the COMPLAINT FOR EMPLOYMENT DISCRIMINATION [Doc. 1] filed by *pro se* plaintiff Urness Gray; a motion captioned DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Doc. 5] filed by Defendant The Lincoln Life Insurance Company; and a motion captioned VERMILION DEFENDANTS' MOTION TO DISMISS [Doc. 12] filed by Defendants Acadia Healthcare Company, Vermilion Behavioral Health Systems, and Kayla Callahan. Gray filed responses to the motions to dismiss [Docs. 10, 19], to which Defendants filed replies [Docs. 11, 26]. Gray later filed a motion captioned PLAINTIFF'S MOTION FOR LEAVE TO AMEND REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS seeking "to clarify existing arguments and improve the precision of factual and legal assertions. [Doc. 27 at 2]. This Court granted leave of court but construed Gray's proposed filing a sur-reply. [Doc. 29]. After thorough review of the record, this Court finds that Gray has not sufficiently pleaded any claim and has not effected proper service of process upon Acadia Healthcare Company, Vermilion Behavioral Health Systems, and Kayla Callahan.

Leave to amend shall be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion'

may be misleading, because FED. R. CIV. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  A district court must have a "substantial reason" to deny a request for leave to amend.  *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).   In most cases, a should not dismiss a claim without first "granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  Generally, "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-30, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Under Rule 4(m), when a plaintiff fails to serve a defendant within the ninety-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).  If, however, the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id*.  Nonetheless, even absent a good cause finding, the Fifth Circuit has counseled that a district court may still assess the fairness of an extension for proper service. *See Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996). "While proceeding pro se does not

exempt a party from compliance with relevant rules of procedural and substantive law, the District Court has wide discretion in determining whether to dismiss an action for insufficient service, and courts often give pro se litigants leeway in correcting defects in service of process." *Wells v. Gautreaux*, 771 F. Supp. 3d 842, 850 (M.D. La. 2025) (citing *Lisson v. ING GROEP N.V.*, 262 F. App'x. 567, 571 (5th Cir. 2007)). "'[G]iven the Fifth Circuit's policy of leniency towards pro se plaintiffs,' it is sometimes appropriate to allow a pro se plaintiff an additional opportunity to effect service properly after his first attempt proves inadequate." *Perez v. Miller*, No. 21-0048, 2022 WL 557491 (E.D. La. 2022), *adopted by*, No. 21-0048, 2022 WL 539287 (E.D. La. 2022) (quoting *Lee v. Deutsche Bank Nat'l Tr. Co.*, No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. 2019)). Accordingly, it is hereby

**ORDERED** that Gray's request for an opportunity to amend [Doc. 19, ¶¶I, V, VI] will be construed as a motion for leave to amend and is **GRANTED** so that Gray may, **within FORTY-FIVE (45) DAYS of this Order**, amend her Complaint to allege facts sufficient to plead claims in accordance with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is further

**ORDERED** that Gray shall effect service of process of the Amended Complaint in accordance with Federal Rule of Civil Procedure 4 upon all named Defendants **within SIXTY (60) DAYS of this Order**. It is further

**ORDERED** that DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Doc. 5] filed by The Lincoln Life Insurance Company and VERMILION DEFENDANTS' MOTION TO DISMISS [Doc. 12] filed by Acadia Healthcare Company, Vermilion Behavioral Health Systems, and Kayla Callahan are **DENIED**. It is further

**ORDERED** that Defendants may renew their motions if appropriate, may adopt the arguments contained in their original motions by reference, and may supplement such arguments if appropriate.  Should Defendants file such renewed motions to dismiss, the Court will issue an appropriate notice of motion setting forth the time for the filing of responses.

Signed in Lafayette, Louisiana, this 19th day of March, 2026.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**