**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J. GRAY,** | **CIVIL ACTION NO.** |
| | **6:25-cv-00202-DCJ-DJA** |
| **Plaintiff,** | |
| | **CHIEF JUDGE DAVID C. JOSEPH** |
| **V.** | |
| | **MAGISTRATE JUDGE** |
| **ACADIA HEALTHCARE, VERMILLION** | **DAVID J. AYO** |
| **BEHAVIORAL HEALTH SYSTEMS,** | |
| **KAYLA CALLAHAN, and THE** | |
| **LINCOLN NATIONAL LIFE** | |
| **INSURANCE COMPANY,** | |
| | |
| **Defendants.** | |

## DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Motion to Dismiss Plaintiff's Amended Complaint. Specifically, Lincoln seeks dismissal of the Amended Complaint because the Amended Complaint does not contain any allegations against Lincoln.

**I.**
## GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

In the Amended Complaint, Plaintiff Urness J. Gray ("Plaintiff" or "Gray") brings a claim "involving medical leave, disability accommodation, insurance issues, and retaliation,"[1] presumably pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; and The Fair Labor Standards Act (FLSA). Plaintiff seeks recovery for medical leave interference, retaliation for using medical

---

[1] *See* Amended Complaint at ¶ 1 under Section I.

leave, failure to accommodate plaintiff's disability, retaliation for requesting accommodation, wrongful termination of employment, interference with disability benefits, failure to maintain health insurance, and retaliation for filing complaints.[2]  Plaintiff's claims and causes of action all appear to stem from her allegations regarding ADA accommodations, ADA leave, termination of her employment with Vermillion Behavioral Health Systems ("Vermillion"), and cancellation of her medical insurance, all of which are connected to her previous employment with Vermillion.[3]

While the basis for any claim or cause of action against Lincoln is unclear, the Amended Complaint appears to seek relief from unnamed Defendants for "interference with disability benefits," specifically stating that Plaintiff's health insurance was cancelled twice, "preventing me from getting medical documentation needed for my disability claim."[4]  Additionally, Plaintiff stated that she was "denied disability benefits because she did not have the policy information or the medical documentation she needed."[5]  However, even though the claim is not expressed by Plaintiff in the Complaint, Plaintiff's only claim would have to be based upon Lincoln's administration of Plaintiff's claim for benefits from the Acadia Healthcare[6] Company, Inc. Long Term Disability Benefit Plan ("LTD Plan") under the Group Disability Income Policy GD/GF3-890-LF0943-01 (the "LTD Policy) that was issued by Lincoln to Acadia Healthcare Company, Inc. ("Acadia") to insure benefits from the LTD Plan.

However, the Amended Complaint does not contain any allegations against Lincoln of any wrongdoing.  Indeed, the only references to Lincoln in the Amended Complaint merely state that Lincoln handled the disability insurance,[7] that Plaintiff later learned she needed the full

---

[2]    *See* Amended Complaint at Section V.
[3]    *See* Amended Complaint ¶ 1 under Section III, and ¶¶ 1-47 under Section IV.
[4]    See Amended Complaint item 4 under Section V.
[5]    See Amended Complaint ¶ 44 under Section IV.
[6]    Vermillion Hospital is a subsidiary of Acadia Healthcare Company, Inc.
[7]    *See* Amended Complaint ¶ 5 under Section III.

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**                                                              **PAGE 2**

disability policy from Lincoln,[8] and that Plaintiff was prevented from getting the medical documentation Lincoln required.[9]  However, these allegations do not allege any wrongdoing by Lincoln but rather appear to stem from allegations against other parties pertaining to her termination of employment and/or cancellation of insurance.  The only conduct of Lincoln about which Plaintiff might possibly be alleging against Lincoln in the Amended Complaint is that her benefits were denied.[10]  However, it is not clear from the Amended Complaint whether this is an allegation against Lincoln or whether Plaintiff is claiming her denial of benefits by Lincoln was due to conduct alleged against other Defendants which she claims prevented her from obtaining documentation required by Lincoln.  However, to the extent this allegation is intended to infer any wrongdoing by Lincoln, the statement in the Amended Complaint that "Plaintiff was denied disability benefits because…" presumably pertains to Lincoln's administration and denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, which directly refers to Plaintiff's claim for benefits from the LTD Plan under the LTD Policy.  Therefore, it is clear that the Court must refer to the LTD Policy, Certificate of Coverage/Summary Plan Description ("Certificate"), and Lincoln's November 5, 2024, decision letter in assessing Plaintiff's ADA and state law causes of action.  Accordingly, true and correct copies of the LTD Policy (Exhibit A), Certificate of Coverage/Summary Plan Description (Exhibit B), and the November 5, 2024, letter from Lincoln to Plaintiff (Exhibit C) are attached to Lincoln's Motion to Dismiss Plaintiff's Amended Complaint and incorporated herein by reference.

Absent from the Amended Complaint are any legally cognizable claims against Lincoln upon which this Court may grant relief.  For each of the claims alleged in the Amended Complaint, Gray has either: (1) failed to sufficiently plead facts that would plausibly allege that

---

[8]    *See* Amended Complaint ¶ 39 under Section IV.
[9]    *See* Amended Complaint ¶ 43 under Section IV.
[10]   *See* Amended Complaint ¶ 44 under Section IV.

she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"). Accordingly, the allegations pled in the Amended Complaint in support of Plaintiff's claims, even if taken as true,[11] are insufficient to support the relief requested by Plaintiff. Lincoln's arguments are set forth in detail in its Memorandum in Support of this Motion, which is filed herewith and incorporated herein.

## II.
## REQUEST FOR RELIEF

Lincoln respectfully requests that the Court dismiss Plaintiff's Amended Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 12th day of May 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Email: iwana@rademaekerslaw.com
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456

- And -

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)

---

[11] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

Keiran S. McCluskie (Bar # 40874)
**PHELPS DUNBAR, LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:   lindsay.calhoun@phelps.com
Email:   keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN
NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ Iwana Rademaekers*
Iwana Rademaekers