**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J. GRAY,** | **CIVIL ACTION NO.** |
| | **6:25-cv-00202-DCJ-DJA** |
| **Plaintiff,** | |
| | **CHIEF JUDGE DAVID C. JOSEPH** |
| **V.** | |
| | **MAGISTRATE JUDGE** |
| **ACADIA HEALTHCARE INC.,** | **DAVID J. AYO** |
| **VERMILLION BEHAVIORAL HEALTH** | |
| **SYSTEMS, KAYLA CALLAHAN, and** | |
| **THE LINCOLN NATIONAL LIFE** | |
| **INSURANCE COMPANY,** | |
| | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Brief in Support of Its Motion to Dismiss Plaintiff's Amended Complaint.  Specifically, Lincoln seeks dismissal of the Amended Complaint because the Amended Complaint does not contain any allegations against Lincoln.

**I.**
**GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE**

In the Amended Complaint, Plaintiff Urness J. Gray ("Plaintiff" or "Gray") brings a claim "involving medical leave, disability accommodation, insurance issues, and retaliation,"[1] presumably pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; and The Fair Labor Standards Act (FLSA).  Plaintiff seeks recovery for medical leave interference, retaliation for using medical leave, failure to accommodate plaintiff's disability, retaliation for requesting accommodation, wrongful termination of employment, interference with disability benefits, failure to maintain

---

[1] *See* Amended Complaint at ¶ 1 under Section I.

health insurance, and retaliation for filing complaints.[2]  Plaintiff's claims and causes of action all appear to stem from her allegations regarding ADA accommodations, ADA leave, termination of her employment with Vermillion Behavioral Health Systems ("Vermillion"), and cancellation of her medical insurance, all of which are connected to her previous employment with Vermillion.[3]

While the basis for any claim or cause of action against Lincoln is unclear, the Amended Complaint appears to seek relief from unnamed Defendants for "interference with disability benefits," specifically stating that Plaintiff's health insurance was cancelled twice, "preventing me from getting medical documentation needed for my disability claim."[4]  Additionally, Plaintiff stated that she was "denied disability benefits because she did not have the policy information or the medical documentation she needed."[5]  However, even though the claim is not expressed by Plaintiff in the Complaint, Plaintiff's only claim would have to be based upon Lincoln's administration of Plaintiff's claim for benefits from the Acadia Healthcare[6] Company, Inc. Long Term Disability Benefit Plan ("LTD Plan") under the Group Disability Income Policy GD/GF3-890-LF0943-01 (the "LTD Policy) that was issued by Lincoln to Acadia Healthcare Company, Inc. ("Acadia") to insure benefits from the LTD Plan.

However, the Amended Complaint does not contain any allegations against Lincoln of any wrongdoing.  Indeed, the only references to Lincoln in the Amended Complaint merely state that Lincoln handled the disability insurance,[7] that Plaintiff later learned she needed the full disability policy from Lincoln,[8] and that Plaintiff was prevented from getting the medical documentation Lincoln required.[9]  However, these allegations do not allege any wrongdoing by

---

[2]    *See* Amended Complaint at Section V.
[3]    *See* Amended Complaint ¶ 1 under Section III, and ¶¶ 1-47 under Section IV.
[4]    See Amended Complaint item 4 under Section V.
[5]    See Amended Complaint ¶ 44 under Section IV.
[6]    Vermillion Hospital is a subsidiary of Acadia Healthcare Company, Inc.
[7]    *See* Amended Complaint ¶ 5 under Section III.
[8]    *See* Amended Complaint ¶ 39 under Section IV.
[9]    *See* Amended Complaint ¶ 43 under Section IV.

Lincoln but rather appear to stem from allegations against other parties pertaining to her termination of employment and/or cancellation of insurance.  The only conduct of Lincoln about which Plaintiff might possibly be alleging against Lincoln in the Amended Complaint is that her benefits were denied.[10]  However, it is not clear from the Amended Complaint whether this is an allegation against Lincoln or whether Plaintiff is claiming her denial of benefits by Lincoln was due to conduct alleged against other Defendants which she claims prevented her from obtaining documentation required by Lincoln.  However, to the extent this allegation is intended to infer any wrongdoing by Lincoln, the statement in the Amended Complaint that "Plaintiff was denied disability benefits because…" presumably pertains to Lincoln's administration and denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, which directly refers to Plaintiff's claim for benefits from the LTD Plan under the LTD Policy.  Therefore, it is clear that the Court must refer to the LTD Policy, Certificate of Coverage/Summary Plan Description ("Certificate"), and Lincoln's November 5, 2024, decision letter in assessing Plaintiff's ADA and state law causes of action.  Accordingly, true and correct copies of the LTD Policy (Exhibit A), Certificate of Coverage/Summary Plan Description (Exhibit B), and the November 5, 2024, letter from Lincoln to Plaintiff (Exhibit C) are attached to Lincoln's Motion to Dismiss Plaintiff's Amended Complaint and incorporated herein by reference.

Absent from the Amended Complaint are any legally cognizable claims against Lincoln upon which this Court may grant relief. For each of the claims alleged in the Amended Complaint, Gray has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA. However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA").

---

[10]  *See* Amended Complaint ¶ 44 under Section IV.

**MEMORANDUM IN SUPPORT OF LINCOLN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT     PAGE 3**

Accordingly, the allegations pled in the Amended Complaint in support of Plaintiff's claims, even if taken as true,[11] are insufficient to support the relief requested by Plaintiff.

## II.
## ARGUMENT AND AUTHORITIES

### A.    THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[12]  A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[13]  Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[14]  Plaintiff has failed to meet this burden with regard to the claims she has brought against Lincoln in the Amended Complaint, and Lincoln must be dismissed from this action.

As described above, the single *possible* allegation against Lincoln contained in Plaintiff's Amended Complaint appears to pertain to Lincoln's administration and denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy.  Although Plaintiff did not attach the LTD Policy, the Certificate, or Lincoln's November 5, 2024, letter to Plaintiff to the Amended Complaint, it is clear that Plaintiff bases her claim against Lincoln on these documents and the Court must refer to these documents in considering these claims.  Accordingly, true and correct copies of the LTD Policy, Certificate of Coverage/Summary Plan Description, and the November 5, 2024, letter ("Letter") from Lincoln to Plaintiff are attached to Lincoln's Motion.[15]

---

[11]    For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true.  However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

[12]    Fed. R. Civ. P. 12(b)(6).

[13]    E.g., *Ledesma v. Dillard Dep't Stores, Inc.,* 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[14]    *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

[15]    See Exhibits A, B, and C attached hereto.

Additionally, Plaintiff's claims against Lincoln are clearly predicated on the LTD Policy, Certificate, and Letter. It is well-established that under such circumstances, Lincoln may attach the LTD Policy, Certificate, and Letter to the Motion to Dismiss and the Court may properly consider them in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Deerbrook Pavilion, LLC, v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); see also *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991); *Cortec Industries v. Sun Holding*, 949 F. 2d 42, 48 (2d Cir. 1991); *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); *Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997); *Wilson v. Kimberly-Clark Corp.,* 254 Fed. Appx. 280, 284 (5th Cir. 2007).

**B.      PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA.**

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Olsen v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir. 1991); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Amended Complaint and from the LTD Policy that the disability plan at issue is an ERISA plan.[16] Further, the only conduct of Lincoln about which

---

[16]    *See* Amended Complaint ¶¶ 1-5, Section III; Plaintiff's allegations in the Amended Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or

Plaintiff *appears* to complain in the Amended Complaint is Lincoln's denial of Plaintiff's disability benefits under the plan and the administration of her claim for benefits under the plan.[17]  Therefore, it is clear that the Court must refer to the LTD Policy issued by Lincoln to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law causes of action.   Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted.  *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff.  See, e.g., *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Light v. Blue Cross and Blue Shield of Alabama, Inc.*, 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); *Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900 (N.D. Tex. 1994); *Hermann Hosp. v. MEBA Medical & Benefit Plan*, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); *Ramirez v. St. Anthony Hotel*, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); *Boren v. N.L. Industries, Inc.*, 889 F.2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Amended Complaint, any state law causes of action asserted by Plaintiff are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by

---

maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ."  29 U.S.C. § 1002(1); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

[17]    *See* Amended Complaint ¶ 44 under Section IV.

ERISA.  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].")  ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44.  Accordingly, any state law causes of action asserted by Plaintiff in the Amended Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

      **C.**    **PLAINTIFF DOES NOT RAISE A COGNIZABLE CLAIM AGAINST LINCOLN UNDER THE ADA OR TITLE VII OR FLSA.**

To the extent that Plaintiff's claims in the Amended Complaint appear to make claims regarding disability accommodations under the ADA, only a "covered entity," as defined by the ADA (42 U.S.C. §12111(2)) can be liable to Plaintiff for discrimination under 42 U.S.C. §12112(a).  Section 12111(2) defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee."  Plaintiff does not assert that Lincoln was her employer for any purpose, nor does Plaintiff assert that Lincoln is an employment agency, labor organization, or joint labor-management committee, as would be required by Title VII (42 U.S.C. § 2000e(b) and (d).  Accordingly, Lincoln was not a "covered entity" under the ADA or Title VII for the purposes of Plaintiff's claims in the Amended Complaint, and Plaintiff's claims against Lincoln pursuant to 42 U.S.C. §12112 must be dismissed.

Additionally, a timely filing of a Charge of Discrimination with either the EEOC or the corresponding State Agency is required prior to filing a suit under either the ADA or Title VII. Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA.  Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (e) (1994); 42 U.S.C. § 12117 (a); *Love v. Pullman*, 404 U.S. 522, 523, 30 L. Ed. 2d 679, 92 S. Ct.

616 (1972)).  Plaintiff does not assert that she exhausted federal remedies by filing a Charge of Discrimination with the EEOC against Lincoln or that a Notice of Right to Sue was issued. Accordingly, any claims for discrimination against Lincoln pursuant to 42 U.S.C. §12112 must be dismissed.

Likewise, "to state a FLSA claim, then, an employee must plead that the employee is covered by the FLSA and that the employer failed to pay the FLSA-required wages." *Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 786 (5th Cir. 2020).  However, Plaintiff's Amended Complaint only asserts that Lincoln "handled Plaintiff's disability insurance."[18]  Therefore, Plaintiff has failed to state a FLSA claim against Lincoln, and the FLSA claim must be dismissed.

### D.    COMPENSATORY, STATUTORY, EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION.

Based on the face of the Amended Complaint, it is unclear what Plaintiff's bases are for her claim against Lincoln.  Plaintiff states she "was denied disability benefits because she did not have the policy information or the medical documentation she needed, even though she was never told how to obtain either one."  Earlier in the Complaint, Plaintiff asserts that she was not provided the policy or a summary of the policy when she signed up, which would seem to implicate Plaintiff's employer in the failure to provide such information.  Plaintiff does not assert that she ever asked Lincoln for a copy of the LTD Policy – just that she was not aware that she needed to ask Lincoln for a copy of the LTD Policy.[19]  Lincoln is not mentioned anywhere else in the Amended Complaint, other than a vague mention of needing to obtain the policy from Lincoln and that she was prevented (assumably due to or actions or inactions of other parties) from obtaining documentation Lincoln required.  Nevertheless, as Lincoln is a named Defendant in this action, it is assumed that the relief requested in the Amended Complaint is meant to

---

[18]    *See* Amended Complaint ¶ 5. Under Section III.
[19]    *See* Amended Complaint ¶ 39 under Section IV.

include relief sought against Lincoln.  To the extent that all or part of this relief requested is or could be for statutory or punitive damages, Plaintiff is not entitled to such relief.  It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA.  *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985);  *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *Weir v. Federal Asset Disposition Assn.*, 123 F.3d 281, 290 (5th Cir. 1997); see *Godfrey v. BellSouth Telecommunications*, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages").  As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan.  Accordingly, should the Court not dismiss Plaintiff's claims against Lincoln in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which Gray seeks long term disability benefits, as alleged in the Amended Complaint, qualifies as an employee welfare benefit plan under ERISA.  Accordingly, the state law causes of action asserted against Lincoln by Gray in the Amended Complaint, if any, are preempted by ERISA, and the Amended Complaint against Lincoln must be dismissed.

### III.
### REQUEST FOR RELIEF

Lincoln respectfully requests that the Court dismiss Plaintiff's Amended Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 12th day of May 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Email:  iwana@rademaekerslaw.com
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone:  (214) 579-9319
Facsimile:  (469) 444-6456

- And -

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
**PHELPS DUNBAR, LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:    lindsay.calhoun@phelps.com
Email:    keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN
NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ Iwana Rademaekers*
Iwana Rademaekers