**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **URNESS J. GRAY,** | **CIVIL ACTION NO.** |
| | **6:25-cv-00202-DCJ-DJA** |
| **Plaintiff,** | |
| | **CHIEF JUDGE DAVID C. JOSEPH** |
| **V.** | |
| | **MAGISTRATE JUDGE** |
| **ACADIA HEALTHCARE INC.,** | **DAVID J. AYO** |
| **VERMILLION BEHAVIORAL HEALTH** | |
| **SYSTEMS, KAYLA CALLAHAN, and** | |
| **THE LINCOLN NATIONAL LIFE** | |
| **INSURANCE COMPANY,** | |
| | |
| **Defendants.** | |

**REPLY IN SUPPORT OF THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Brief in

Support of Its Motion to Dismiss Plaintiff's Amended Complaint, and states as follows:

**I.**
**THE CLAIMS RAISED BY GRAY AGAINST LINCOLN, IF ANY, IN THE AMENDED**
**COMPLAINT, INCLUDING ANY ELABORATION OF SUCH CLAIMS IN GRAY'S**
**RESPONSE TO LINCOLN'S MOTION TO DISMISS, ARE ALL PREEMPTED BY**
**ERISA.**

In the Amended Complaint (Document 32), Plaintiff Urness J. Gray ("Plaintiff" or

"Gray") brings a claim "involving medical leave, disability accommodation, insurance issues,

and retaliation,"[1] presumably pursuant to the Title VII of the Civil Rights Act of 1964, as

codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin);

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; and The Fair

Labor Standards Act (FLSA).  Plaintiff seeks recovery for medical leave interference, retaliation

for using medical leave, failure to accommodate plaintiff's disability, retaliation for requesting

accommodation, wrongful termination of employment, interference with disability benefits,

---

[1]    *See* Amended Complaint at ¶ 1 under Section I.

failure to maintain health insurance, and retaliation for filing complaints.[2]  Plaintiff's claims and causes of action all appear to stem from her allegations regarding ADA accommodations, ADA leave, termination of her employment with Vermillion Behavioral Health Systems ("Vermillion"), and cancellation of her medical insurance, all of which are connected to her previous employment with Vermillion.[3]

However, in her Response, Gray states that she has stated a valid claim under ERISA, but the Amended Complaint itself does not support such a claim.  Gray's Response states that her claims against Lincoln are based on Lincoln's administration of Gray's claim for benefits from the Acadia Healthcare Company, Inc.[4] Group Disability Benefit Plan (the "Plan") under the Group Disability Income Policy GD/GF3-890-LF0943-01 (the "Policy) that was issued by Lincoln to Acadia Healthcare Company, Inc. ("Acadia") to insure benefits from the Plan. Accordingly, based on the Response, the only conduct of Lincoln about which Plaintiff *appears* to complain in the Amended Complaint, is Lincoln's denial of Plaintiff's disability benefits under the Plan and the administration of her claim for benefits under the Plan.[5]

Absent from the Amended Complaint are any legally cognizable claims against Lincoln upon which this Court may grant relief.  For each of the claims alleged in the Amended Complaint, Gray has either: (1) failed to sufficiently plead facts that would plausibly allege that she is entitled to relief; (2) failed to properly plead all of the necessary elements of her claim; or (3) asserted claims that are preempted by ERISA.  However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA").  Accordingly, the allegations pled in the Amended Complaint in support of

---

[2]    *See* Amended Complaint at Section V.
[3]    *See* Amended Complaint ¶ 1 under Section III, and ¶¶ 1-47 under Section IV.
[4]    Vermillion Hospital is a subsidiary of Acadia Healthcare Company, Inc.
[5]    *See* Amended Complaint ¶ 44 under Section IV.

Plaintiff's claims, even if taken as true,[6] are insufficient to support the relief requested by Plaintiff.

It is evident from Gray's Amended Complaint, her Response to Lincoln's Motion to Dismiss, and from the Policy that the disability plan at issue is an ERISA plan.[7]  Further, the only conduct of Lincoln about which Gray complains in the Response or Amended Complaint is Lincoln's denial of Gray's disability benefits under the plan and the administration of her claim for benefits under the plan.[8]  Therefore, it is clear that the Court must refer to the Policy issued by Lincoln to Gray's employer and the relevant plan documents in assessing Gray's state law causes of action.  Thus, Gray's causes of action directly "relate to" the disability plan and are preempted.  *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the Gray's benefits).

Additionally, as reflected by the Amended Complaint and Gray's Response to Lincoln's Motion to Dismiss, any state law causes of action asserted by Gray are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA.  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].")  ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the

---

[6]   For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true.  However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

[7]   *See* Amended Complaint at Section I ¶1; Section III ¶¶ 1, 3, and 5; and Section IV ¶¶ 40 and 44; Policy, Exhibit "A" to Lincoln's Motin to Dismiss; Plaintiff's allegations in the Amended Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ."  29 U.S.C. § 1002(1); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

[8]   *See* Amended Complaint at Section I ¶1; Section III ¶ 5; and Section IV ¶ 44; *see also* Plaintiff's Response (Document 35).

event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44.  Accordingly,

any state law causes of action asserted by Gray in the Amended Complaint are clearly preempted

by ERISA, and this Motion to Dismiss should be granted.

## II.
## GRAY'S RESPONSE DOES NOT DISPUTE ERISA PREEMPTION OF HER CLAIMS AGAINST LINCOLN

In her Response, Gray makes no argument that ERISA preemption does not apply to the

claims she has raised against Lincoln.  To the contrary, Gray continues to assert only state law

claims in her Response.  And despite the fact that her Response states "Plaintiff has stated a valid

claim under ERISA," her arguments in the Response only assert state law claims.  However,

these state law claims against Lincoln are all preempted by ERISA.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which

Gray seeks long term disability benefits, as alleged in the Amended Complaint, qualifies as an

employee welfare benefit plan governed by ERISA.  Accordingly, ERISA fully preempts Gray's

claims against Lincoln, and Lincoln's Motion should be granted.[9]

## III.
## THE POLICY WAS PROPERLY ATTACHED

Lincoln's submission of the Policy as an Exhibit to its Motion was entirely appropriate

under *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), as any

claim Gray may assert against Lincoln are clearly predicated on the Policy.  With regard to

Gray's allegations regarding the calculation of her short-term disability benefit under the Policy,

the Policy provides that such benefits will be 60% of an employee's "Basic Weekly Earnings,"

which is defined by the Policy to exclude "bonuses, commissions, overtime pay and extra

---

[9]    Lincoln does not oppose the Court allowing Gray to file another amended complaint that only contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) against Lincoln, along with the remedies available thereunder, and does not contain any state law causes of action against Lincoln.

compensation." (Document 33.2 at pp. 7 and 11).  Moreover, the Policy (Document 33-2 at p. 7) specifically states that the "Maximum Benefit Period" will be:

> The period for which a benefit is payable, following completion of the Elimination Period, for any one Disability will end on the earliest of:
> a. the end of the Disability; or
> b. the end of the 11th week of Disability for which a benefit is payable.

Accordingly, Gray has no claim for which relief may be granted with regard to the calculation of any short-term disability benefit that Gray may have received under the Policy.

## IV.
## REQUEST FOR RELIEF

Lincoln respectfully requests that the Court dismiss Plaintiff's Amended Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 5th day of June 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Email:  iwana@rademaekerslaw.com
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone:  (214) 579-9319
Facsimile:  (469) 444-6456

- And -

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
**PHELPS DUNBAR, LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311

Telecopier: 504-568-9130
Email:   lindsay.calhoun@phelps.com
Email:   keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2026, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ Iwana Rademaekers*
Iwana Rademaekers