## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| URNESS J. GRAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Judge David C. Joseph |
| v. | ) |
| | )   Case No. 6:25-cv-00202-DCJ-DJA |
| ACADIA HEALTHCARE COMPANY, | ) |
| VERMILION BEHAVIORAL HEALTH | ) |
| SYSTEMS, KAYLA CALLAHAN, and THE | ) |
| LINCOLN NATIONAL LIFE INS. COMPANY | ) |
| DISABILITY AND LIFE | ) |
| | ) |
|     Defendants. | ) |

---

## MEMORANDUM OF LAW IN SUPPORT OF THE VERMILION DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

---

**TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................1

II.    LEGAL ANALYSIS............................................................................................2

       A.     Plaintiff Failed to Comply with the Court's Order to Effect Service of Process.....2

       B.     Claims Against Acadia Should Dismissed for Lack of Personal Jurisdiction .........3

       C.     Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted....................5
              1.     Plaintiff Fails to State a Claim Under the FMLA .......................................6
              2.     Plaintiff's ADA Claims Must Be Dismissed as a Matter of Law ...............8
              3.     Plaintiff Fails to State a Wrongful Termination Claim............................12
              4.     Plaintiff's "Interference with Disability Benefits" and "Failure to
                     Maintain Health Insurance" Claims Fail as a Matter of Law ...................13
              5.     Plaintiff Fails to State a Claim for Retaliation..........................................14

       D.     No Individual Liability .............................................................................................14

III.   CONCLUSION...................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Able Sec. & Patrol, LLC v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*
 2008 WL 3539693 (E.D. La. July 30, 2008) ....................................................................3

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009)....................................................................................................5,13

*Besser v. Texas Gen. Land Off.*
 834 F. App'x 876 (5th Cir. 2020) ...........................................................................5,7,8

*Borne v. River Pars. Hosp.*
 2011 WL 1001410 (E.D. La. Mar. 18, 2011) ...............................................................8

*Brumfield v. TransUnion, Inc.*
 2020 WL 1083598 (E.D. La. Mar. 6, 2020) .................................................................5

*Burnette v. RateGenius Loan Servs., Inc.*
 671 F. App'x 889 (5th Cir. 2016) ............................................................................5,7

*Butler v. Orleans Parish School Bd.*
 2001 WL 1135616 (E.D. La. Sept. 25, 2001).................................................................9

*Carimi v. Royal Carribean Cruise Line, Inc.*
 959 F.2d 1344 (5th Cir. 1992) ......................................................................................3

*Central Freight Lines Inc. v. APA Transp. Corp.*
 322 F.3d 376 (5th Cir. 2003) ........................................................................................4

*Cepeda v. Emerald Corr. Mgmt. LLC*
 2018 WL 4999973 (W.D. Tex. Aug. 28, 2018)..............................................................7

*Crawford v. Texas Dep't of Crim. Just.*
 2022 WL 13801161 (E.D. Tex. Aug. 9, 2022) ..............................................................9

*Delaval v. PTech Drilling Tubulars, L.L.C.*
 824 F.3d 476 (5th Cir. 2016) ......................................................................................11

*E.E.O.C. v. Agro Distribution, LLC*
 555 F.3d 462 (5th Cir. 2009) ......................................................................................10

*Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*
 730 F.3d 450 (5th Cir. 2013) ..................................................................................10,11

*Hale v. King*
 642 F.3d 492 (5th Cir. 2011) ........................................................................................9

*Hamm v. Acadia Healthcare Co.*
 2021 WL 1212539 (E.D. La. Mar. 31, 2021) .............................................................4,5

*Harville v. Texas A & M Univ.*
 833 F. Supp. 2d 645 (S.D. Tex. 2011) .......................................................................14

*Jackson v. Tanfoglio Giuseppe, S.R.L.*
 615 F.3d 579 (5th Cir. 2010) ........................................................................................4

*Johnson v. Atkins*
 999 F.2d 99 (5th Cir. 1993) ..........................................................................................6

*Jones v. Children's Hosp.*
 58 F. Supp. 3d 656 (E.D. La. 2014)..............................................................................6

*Lee v. OfferUp, Inc.*
 2018 U.S. Dist. LEXIS 152759 (E.D. La. Sep. 7, 2018) ..............................................3

*Lopez v. Kempthorne*
  684 F. Supp. 2d 827 (S.D. Tex. 2010) ...................................................................7
*Luv n' care, Ltd. v. Insta-Mix, Inc.*
  438 F.3d 465 (5th Cir. 2006) ................................................................................3
*Milteer v. Navarro Cnty., Texas*
  2022 WL 1321555 (N.D. Tex. May 3, 2022) ......................................................10
*Neely v. PSEG Texas, Ltd. Partnership*
  735 F.3d 242 (5th Cir. 2013) ................................................................................9
*Oswalt v. Sara Lee Corp.*
  74 F.3d 91 (5th Cir. 1996) ....................................................................................9
*Planet Home Lending, LLC v. Guy*
  2025 WL 2797508 (S.D. Miss. Sept. 26, 2025).....................................................3
*Quebedeaux v. Dow Chem. Co.*
  2001-2297 (La. 6/21/02), 820 So. 2d 542...........................................................12
*Quick Techs., Inc. v. Sage Grp. PLC*
  313 F.3d 338 (5th Cir. 2002) ................................................................................3
*Revell v. Lidov*
  317 F.3d 467 (5th Cir. 2002) ................................................................................4
*Ricks v. Friends of WWOZ, Inc.*
  2019 WL 3858950 (E.D. La. Aug. 15, 2019) ......................................................14
*Ruhrgas AG v. Marathon Oil Co.*
  526 U.S. 574 (1999).................................................................................................3
*Sec. Data Supply, LLC v. Nortek Sec. Control, LLC*
  2018 U.S. Dist. LEXIS 90736 (E.D. La. May 31, 2018).......................................5
*Simonton v. Houston Methodist Continuing Care Hosp.*
  2025 WL 1747023 (S.D. Tex. June 9, 2025) .......................................................11
*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*
  365 F.3d 353 (5th Cir. 2004) ................................................................................6
*Stuart v. Spademan*
  772 F.2d 1185 (5th Cir. 1985) ..............................................................................4
*Wright v. Arlington Independent School District*
  834 Fed. App'x. 897 (5th Cir. 2020) ....................................................................5

**Statutes**
42 U.S.C. § 2000e–5(f)(1) ..............................................................................................8
La. Civ. Code Ann. art. 2747 ........................................................................................12

**Rules**
Fed. R. Civ. P. 4.............................................................................................................2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| URNESS J. GRAY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Judge David C. Joseph |
| v. | ) | |
| | ) |  Case No. 6:25-cv-00202-DCJ-DJA |
| ACADIA HEALTHCARE COMPANY, | ) | |
| VERMILION BEHAVIORAL HEALTH | ) | |
| SYSTEMS, KAYLA CALLAHAN, and THE | ) | |
| LINCOLN NATIONAL LIFE INS. COMPANY | ) | |
| DISABILITY AND LIFE | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE VERMILION DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

## I.    INTRODUCTION

The Court is well familiar by now with this case.  On February 18, 2025, Plaintiff filed her original Complaint *pro se* asserting a hodgepodge of claims arising out of her former employment, including claims under Title VII, the ADA, and the FLSA.  *See* Docket No. 1. The Vermilion Defendants sought dismissal on multiple procedural and substantive grounds, including Plaintiff's failure to effect proper service of process and failure to state a claim upon which relief can be granted.  *See* Docket No. 12.  By Memorandum and Order entered March 19, 2026, the Court agreed, holding that Plaintiff failed to sufficiently plead any claims and to effect proper service of process upon the Vermilion Defendants. *See* Docket No. 13. To give Plaintiff one more opportunity, the Court required Plaintiff to file an amended Complaint within forty-five days of

1

March 19 and to effect service of process upon the Vermilion Defendants in accordance with Federal Rule of Civil Procedure 4 within sixty days of March 19.

On April 28, 2026, Plaintiff filed a kitchen-sink Amended Complaint alleging (1) retaliation for requesting an accommodation, using leave, and filing a complaint; (2) interference with disability benefits; (3) failure to maintain health insurance; and (4) wrongful termination. However, Plaintiff failed to serve her Amended Complaint on the Vermilion Defendants as required by the Court in its Memorandum and Order dated March 19, 2026. For that reason alone, the Court should grant the Vermilion Defendants' Motion to Dismiss. Additionally, dismissal is required as a matter of law because the Amended Complaint contains the same pleading deficiencies that resulted in the dismissal of the original Complaint and because Plaintiff's disability claim is time-barred. There are no amendments that can cure the defects and thus dismissal with prejudice is appropriate.

## II.    LEGAL ANALYSIS

### A. Plaintiff Failed to Comply with the Court's Order to Effect Service of Process

By the Court's Order entered March 19, 2026, Plaintiff was required to "effect service of process of the Amended Complaint in accordance with Federal Rule of Civil Procedure 4 upon all named Defendants within SIXTY (60) DAYS of [its] Order." Docket No. 31 at 3. Thus, Plaintiff had until May 18, 2026. She failed to do so.

Instead, Plaintiff mailed a request for waiver of service of summons to some of the Vermilion Defendants on May 18, 2026. *See* Declaration of Cynthia Lee ("Lee Declaration") at ¶ 4, attached as Exhibit A; Declaration of Kurt Vincent("Vincent Declaration") at ¶ 24, attached as Exhibit B; Declaration of Kayla Callahan ("Callahan Declaration") at ¶¶ 13-14, attached as Exhibit C. As a matter of law, a request for waiver of service "is not considered service under FRCP 4."

2

*Able Sec. & Patrol, LLC v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*, 2008 WL 3539693, *3 (E.D. La. July 30, 2008); *see also Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992) (Rule 4 does not contain a "mailbox rule" that deems service complete upon mailing). The Vermilion Defendants have not consented to waiver of service.  Vincent Declaration at ¶ 28; Callahan Declaration at ¶¶ 17-18.

Because Plaintiff failed to effect service of process upon the Vermilion Defendants by the Court's deadline of May 18, 2026,[1] the Amended Complaint should be dismissed against them. *See Planet Home Lending, LLC v. Guy, 2025 WL 2797508, *1 (S.D. Miss. Sept. 26, 2025)* (dismissing the complaint because the plaintiff failed to file any proof of service on the defendants by the deadline set by the court).

**B.  Claims Against Acadia Should Dismissed for Lack of Personal Jurisdiction**

"Personal jurisdiction 'is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.'" *Lee v. OfferUp, Inc.*, 2018 U.S. Dist. LEXIS 152759, *3 (E.D. La. Sep. 7, 2018) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)).  "Where a defendant challenges personal jurisdiction [through a Rule 12(b)(2) motion], the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  If a court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002).  When determining if personal jurisdiction exists, courts may consider not just the pleadings but also "affidavits, interrogatories, depositions, oral testimony, or

---

[1] The Advisory Committee Notes to Rule 4 are particularly instructive, warning that the procedure of requesting waiver of service should not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned.

3

any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

This Court lacks general personal jurisdiction over Acadia because it does not have "continuous and systematic" general business contacts with the State of Louisiana. Acadia is a Delaware corporation with its principal place of business in Franklin, Tennessee. *See* Vincent Declaration at ¶¶ 3-4. It is not registered in the State of Louisiana nor authorized to conduct any business in Louisiana—much less "continuous and systematic" business. Moreover, Acadia does not have an office or place of business in Louisiana, own real property in Louisiana, or maintain bank accounts in Louisiana, and it has never appointed an agent for service of process in Louisiana or sued anyone in Louisiana. *See id.* at ¶¶ 6-7, 9. Acadia simply does not have the types of "continuous and systematic" business contacts in Louisiana for this Court to possess general jurisdiction over it, and Plaintiff has not and cannot satisfy her burden to show that this Court can exercise general jurisdiction over it. *See Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (no personal jurisdiction where defendant had no office, bank accounts, employees, or postal address in Louisiana; had never owned or leased any property in Louisiana; and had never been registered to do business or paid taxes in Louisiana); *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (general jurisdiction could not be sustained where the defendant was not registered to so do business in the forum state and had never maintained an office there even though it routinely arranged shipments to and from the forum and regularly sent salespeople to the forum). Indeed, the District Court for the Eastern District of Louisiana has determined this same issue previously with respect to Acadia. *See Hamm v. Acadia Healthcare Co.,* 2021 WL 1212539, *3 (E.D. La. Mar. 31, 2021) (dismissing claims against Acadia for lack

of general jurisdiction and noting that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

This Court also lacks specific personal jurisdiction over Acadia. Plaintiff's claims in the Complaint, though vague, appear to be claims for race and disability discrimination, retaliation, and a violation of the FLSA while she was employed at Vermilion. At no point was Plaintiff ever employed by Acadia and she does not claim that she was. *See* Vincent Declaration at ¶ 11; Callahan Declaration at ¶ 5; Docket No. 32, *passim*. Put simply, Plaintiff has not alleged – nor could she consistent with her Rule 11 obligations – that Acadia "purposefully directed its activities at Louisiana" and it is clear that "this litigation does not result from alleged injuries that arise out of or relate to those activities." *Hamm*, 2021 WL 1212539 at *10; *see also Brumfield v. TransUnion, Inc.,* 2020 WL 1083598, *3 (E.D. La. Mar. 6, 2020); *Sec. Data Supply, LLC v. Nortek Sec. Control, LLC*, 2018 U.S. Dist. LEXIS 90736, *10 (E.D. La. May 31, 2018).

**C. Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted**

As a matter of law, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Besser v. Texas Gen. Land Off*., 834 F. App'x 876, 881 (5th Cir. 2020); *Wright v. Arlington Independent School District,* 834 Fed. App'x. 897 (2020) (plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim is not facially plausible unless a plaintiff pleads factual content that permits the court to reasonably infer that the defendants are liable for the alleged misconduct. *Ashcroft*, 556 U.S. at 677. Speculation is insufficient and "[c]omplaints demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Burnette v. RateGenius Loan Servs., Inc*., 671 F. App'x 889, 893 (5th Cir. 2016). Although courts construe *pro se* complaints liberally when

5

deciding a motion to dismiss, those complaints must nonetheless "set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Dismissal is appropriate where, as here, the court is unable to determine the true substance of a plaintiff's claims even when liberally construed. *See id*. The Fifth Circuit is firm that courts will not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc*., 365 F.3d 353, 361 (5th Cir. 2004).

### 1.  Plaintiff Fails to State a Claim Under the FMLA

It appears Plaintiff is attempting to assert claims under the FMLA when she alleges that the Defendants "interfered with [her] ability to take medical leave by threatening [her], changing [her] pay, giving her wrong information, and terminating [her] while [she] was still dealing with serious health issues." Docket No. 32 at 7. She also alleges that after she was threatened and reported problems, her pay was changed, her insurance cancelled and she was terminated. *Id*. at 8. Her own factual allegations undermine these claims.

### a.  *Plaintiff Fails to State a Claim for FMLA Interference*

To state a *prima facie* interference claim, Plaintiff must plausibly allege that (1) she was an eligible employee, (2) her employer was subject to the FMLA's requirements, (3) she was entitled to leave, (4) she gave proper notice of her intention to take FMLA leave, (5) her employer interfered with, restrained, or denied her the benefits to which she was entitled under the FMLA, and (6) she was prejudiced. *Jones v. Children's Hosp*., 58 F. Supp. 3d 656, 668 (E.D. La. 2014).

Plaintiff admits that Vermilion supported her taking FMLA leave and that a leave specialist sent her the FMLA paperwork. Docket No. 32 at 3-4. She also acknowledges that multiple individuals contacted her regarding her failure to submit her FMLA paperwork and ultimately that her "FMLA was approved through November 10." *Id*. at 4. Taken as true for purposes of this

6

Motion, Plaintiff admits that she received FMLA leave – with the full support of Vermilion – which is contrary to her earlier contention that Vermilion interfered with, restrained, or denied her FMLA benefits. That admission is fatal to her interference claim because an employer does not, as a matter of law, interfere with an employee's FMLA rights when the employee *actually receives the leave she requested. Cepeda v. Emerald Corr. Mgmt. LLC*, 2018 WL 4999973, *4 (W.D. Tex. Aug. 28, 2018) ("To survive a motion to dismiss, a plaintiff must 'allege facts demonstrating, *inter alia*, that her leave was [actually] interfered with.'"). Put simply, Plaintiff fails to plausibly allege the elements necessary for an interference claim under the FMLA and the claim must be dismissed. *See Burnette v. RateGenius Loan Servs., Inc.*, 671 F. App'x 889, 893 (5th Cir. 2016) (the plaintiff did not allege facts that would plausibly support there was interference with his FMLA rights; thus, dismissal of interference claim affirmed); *see also Cepeda*, 2018 WL 4999973, at *5.

b.   *Plaintiff Fails to State a Claim for FMLA Retaliation*

Plaintiff's retaliation claim fails for similar reasons. To state a *prima facie* retaliation claim, Plaintiff must plausibly allege "(1) [she] engaged in protected activity; (2) the employer took a materially adverse action against [her]; and (3) a causal link exists between [her] protected activity and the adverse action." *Besser*, 834 F. App'x at 882.

Plaintiff alleges opaquely that after she was threatened and "reported problems," her pay was changed, her insurance was cancelled and she was terminated. *See* Docket No. 32 at 8. But the alleged "threats" and "pay changes" occurred *before* Plaintiff submitted her FMLA paperwork. *Id*. at 3-4. Thus, those purported retaliatory actions could not have been a result of Plaintiff taking FMLA leave. *See Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 894 (S.D. Tex. 2010) (incidents which occurred prior to employee's contacting Equal Employment Opportunity counselor could not form basis of retaliation claim).

7

As for Plaintiff's termination and the cancellation of her insurance claims, there are no factual allegations in the Amended Complaint connecting them to her request for FMLA leave. In fact, to the contrary, Plaintiff acknowledges that Vermilion invited her to seek an ADA accommodation *after* she exhausted her FMLA leave.  Docket No. 32 at 4.  Plaintiff further acknowledges that Vermilion told her that failure to show up to work for two consecutive months would result in her termination (and, in truth, she failed to show up for work for more than six months). *Id*. at 6.  The mere fact that Plaintiff sought FMLA leave and was also subjected to an adverse employment action – without any facts suggesting a causal connection between the two – is insufficient to state a claim for FMLA retaliation. *Besser*, 834 F. App'x at 885 (employee failed to adequately allege causal link between protected activity and adverse action, and thus employee failed to state FMLA retaliation claim against former employer).

### 2. Plaintiff's ADA Claims Must Be Dismissed as a Matter of Law

Plaintiff's ADA claims must be dismissed for two separate reasons.  First, they are time-barred.  Second, they fail to state a claim upon which relief can be granted.

### a. *Plaintiff's ADA Claims are Time-Barred*

A claimant who files a Charge of Discrimination with the EEOC has ninety days after receipt of a right-to-sue letter within which to file suit in state or federal court. *Borne v. River Pars. Hosp.*, 2011 WL 1001410, *3 (E.D. La. Mar. 18, 2011) (citing 42 U.S.C. § 2000e–5(f)(1)). "This 90–day limitation period is strictly construed" and federal courts in the Fifth Circuit have consistently dismissed claims when the plaintiff did not file suit within the 90–day limitation period. *Id*.

8

Plaintiff admits that she received a copy of her Notice of Right to Sue on November 19, 2024.[2]  Docket No. 1 at 5.  She filed her Complaint on February 18, 2025.  Docket No. 1.  She missed her filing deadline by one day.  Because Plaintiff failed to timely file her ADA claims, they should be dismissed with prejudice.  *See Butler v. Orleans Parish School Bd.*, 2001 WL 1135616, *2 (E.D.La. Sept.25, 2001) (dismissing plaintiff's complaint when the plaintiff filed ninety-one days after she received her right-to-sue letter).

    b.  *Plaintiff Fails to State a Claim Under the ADA*

Plaintiff alleges that she asked for the accommodations of time to complete paperwork and the ability to work from home, but they were not provided and that she was retaliated against for requesting these accommodations. Docket No. 32 at 8. Plaintiff's claims fail as a matter of law because she has not plausibly alleged that she is disabled within the meaning of the ADA, and the very facts she pleads defeat her failure to accommodate and retaliation claims.

As a threshold requirement for all ADA claims, including failure-to-accommodate and retaliation claims, a plaintiff must be disabled within the meaning of the ADA. *Neely v. PSEG Texas, Ltd. Partnership*, 735 F.3d 242 (2013). Plaintiff still has not plausibly alleged that she is a qualified individual with a disability as defined by the ADA. Plaintiff alleges that a phone call with Ms. Callahan caused her "anxiety, distress, and physical illness" and she was subsequently diagnosed with "high blood pressure, right-sided weakness, pain, and a mental-health crisis." It is settled law that merely having an impairment does not make one disabled for purposes of the ADA. *See Crawford v. Texas Dep't of Crim. Just.*, 2022 WL 13801161, *6 (E.D. Tex. Aug. 9, 2022); *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011); *Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996). Moreover, Plaintiff makes no allegations related to the duration, impact, or severity of

---

[2] Plaintiff alleges she received her right to sue letter on November 19, 202<u>3</u>, but that is a typographical error and the correct year is 2024.  *See* Docket No. 1-3.

9

these alleged conditions that would permit the Court to plausibly infer she is disabled under the ADA. *See E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th Cir. 2009). Neither does she allege that any of these conditions substantially limit one or more major life activities, which is the threshold requirement for ADA coverage. *See Milteer v. Navarro Cnty., Texas*, 2022 WL 1321555, at *6 (N.D. Tex. May 3, 2022) ("[T[o adequately allege a disability under the ADA, a plaintiff must plead facts giving rise to an inference that his or her impairment 'substantially limits one or more "major life activities.). For these reasons alone, Plaintiff's ADA claims should be dismissed.

       i.    *Plaintiff Fails to State a Claim an ADA Failure to Accommodate Claim*

To state a *prima facie* case for failure to accommodate, Plaintiff must plausibly allege that (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Even if Plaintiff had plausibly alleged she is disabled within the meaning of the ADA (she has not), her claim still fails.

Plaintiff's failure to accommodate allegations are confusing and contradictory, and it is unclear what accommodation she claims was requested and denied. In her "Claims for Relief" section, she states she "asked for reasonable accommodations, including time to complete paperwork and the ability to work from home[, but] [n]o accommodations were provided." Docket No. 32 at 7. But her factual allegations tell a different story. She alleges that Vermilion "started the ADA accommodation process" on November 15, 2023, *id*. at 4, that her "ADA accommodation was approved through December 31." *Id*. at 4-5. Thus, it is clear that Vermilion provided Plaintiff with an accommodation. She also alleges that her ADA case was closed on January 23, 2024 due

10

to missing paperwork. Considering such, Plaintiff has failed to sufficiently allege a failure to accommodate claim under the ADA. *See Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 483 (5th Cir. 2016) (employer cannot be held liable for failure to accommodate when the breakdown of the interactive process is attributable to the employee's own failure to provide necessary documentation).

        ii.    *Plaintiff Fails to State a Retaliation Claim Under the ADA*

To establish a *prima facie* case of ADA retaliation, a plaintiff must show: (1) she engaged in an activity protected by the ADA; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Feist*, 730 F.3d at 454.

Plaintiff's "retaliation for requesting accommodations" claim is also unclear or contradicts the factual admissions in the Amended Complaint. She alleges that after she asked for help and filed complaints, she was ignored, denied assistance, and treated worse. Docket No. 32 at 8. There are no factual allegations to support these claims. Vaguely "asking for help" is not protected activity under the ADA. *Simonton v. Houston Methodist Continuing Care Hosp.*, 2025 WL 1747023, *9 (S.D. Tex. June 9, 2025) (Protected activity is opposing an act or practice made unlawful by the ADA.). Moreover, the only complaint Plaintiff alleges she made was in August 2023 when she reported Ms. Callahan. Docket No. 32 at 3. Subsequent to Plaintiff making this complaint, she took FMLA leave with Vermilion's support, was granted an ADA accommodation, and even offered PRN employment. These assertions contradict Plaintiff's claim that she was ignored, denied assistance, and treated worse in retaliation for making her complaint.

Simply put, Plaintiff has failed to sufficiently allege that any purported mistreatment was due to her requesting an accommodation or filing a complaint, and her ADA retaliation claim should be dismissed for failure to state a claim.

### 3.   Plaintiff Fails to State a Wrongful Termination Claim

Plaintiff asserts a wrongful termination claim alleging that she was "terminated while still dealing with medical issues and still in the ADA process." Docket No. 32 at 8. This claim fails as a matter of law.

There is no standalone common-law tort of wrongful termination in Louisiana. A plaintiff asserting a wrongful termination claim must identify and prove a violation of a specific statutory or constitutional provision that limits the employer's right to terminate. *See Quebedeaux v. Dow Chem. Co.*, 2001-2297 (La. 6/21/02), 820 So. 2d 542, 546. Plaintiff has failed to do so. Her Amended Complaint does not identify any statute that was violated by her separation. She simply asserts that she was terminated while dealing with medical issues. That is not enough. Louisiana is an at-will employment state, and an employer may terminate an employee at any time for any reason that is not prohibited by law. *See* La. Civ. Code Ann. art. 2747. While it is unfortunate that Plaintiff has had to deal with medical issues, the mere fact that an employee is experiencing health problems at the time of separation does not give rise to a viable wrongful termination claim absent a specific statutory violation.

As for her assertion that she was still in the ADA process when she was terminated, Plaintiff's own allegations belie this claim. She admits that Vermilion granted her an ADA accommodation approved through December 31, 2023, and that her ADA case was closed on January 23, 2024 because she failed to submit the required paperwork. Docket No. 32 at 5.  The

ADA process was not ongoing at the time of her separation – it had already concluded, and it concluded because of Plaintiff's own inaction.

> **4. Plaintiff's "Interference with Disability Benefits" and "Failure to Maintain Health Insurance" Claims Fail as a Matter of Law**

Plaintiff asserts a claim for "Interference with Disability Benefits," alleging that her "insurance was cancelled twice, preventing [her] from getting medical documentation needed for [her] disability claim" and that she "was given the policy information too late to be of any good." Docket No. 32 at 8. She also asserts a claim for "Failure to Maintain Health Insurance," alleging that her "health insurance was cancelled without notice, causing [her] to miss appointments and pay out-of-pocket." *Id*. None of these "claims" are cognizable causes of action.

Plaintiff does not identify any federal or state statute that creates a private right of action for "interference with disability benefits" or "failure to maintain health insurance." She simply asserts these labels as claims without any legal basis. Conclusory labels do not create causes of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, to the extent these claims are directed at Plaintiff's disability insurance through Lincoln National Life Insurance Company, they have nothing to do with the Vermilion Defendants. Plaintiff's own Amended Complaint identifies Lincoln National as the entity that handled her disability insurance. Docket No. 32 at 3. Therefore, any dispute regarding the terms of a disability insurance policy, the adequacy of information provided about that policy, or the processing of a disability claim has nothing to do with the Vermilion Defendants.

As for health insurance, Plaintiff's insurance was not arbitrarily cancelled. She was terminated, and her insurance ended as a consequence of that separation. An employer is not required to maintain health insurance for a former employee. Therefore, this claim should also be dismissed.

**5.   Plaintiff Fails to State a Claim for Retaliation**

Plaintiff's standalone retaliation claim alleges that after reporting the August 18 call she was retaliated against and lost her job. Docket No. 32 at 8. Plaintiff does not identify under which statute she claims retaliation and there are no factual allegations to support such claim. In the event Plaintiff is asserting this retaliation claim under the ADA and/or the FMLA, these claims are addressed above in Sections II.C.1.b and II.C.2.b.ii.  Regardless of the statute, the claim fails because Plaintiff's only alleged complaint preceded the benefits and accommodations Vermilion provided her. Accordingly, her retaliation claim must be dismissed as a matter of law.

**D.  No Individual Liability**

As a matter of law, there is no individual liability under the ADA.  *See Ricks v. Friends of WWOZ, Inc.*, 2019 WL 3858950, at *3 (E.D. La. Aug. 15, 2019) ("Courts in this district have frequently concluded that the considerations precluding individual liability under Title VII apply with equal force in ADA actions.") (citation omitted).  Therefore, Plaintiff's ADA claims against Ms. Callahan should be dismissed.

To the extent Plaintiff also asserts her FMLA claim against Ms. Callahan, it also fails because Ms. Callahan was not Plaintiff's employer and the Complaint does not allege any fact to support a claim that she can be held liable as an employer under the FMLA. *See Harville v. Texas A & M Univ.*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011) (FMLA claim dismissed against individual defendant because he was not the plaintiff's employer as defined by the FMLA).

### III.   CONCLUSION

For the foregoing reasons, the Vermilion Defendants ask the Court to dismiss the Amended Complaint.  Because Plaintiff will be unable to amend her Complaint to assert any viable claim

14

against any of the Vermilion Defendants, any attempted amendment would be futile and the dismissal should be with prejudice.

/s/ Cynthia T. Lee
Philip J. Giorlando
BREAZEALE, SACHSE & WILSON, LLP
909 Poydras Street, Suite 1500
New Orleans, LA 70112-4004
(504) 680-5244 direct dial
(504)584-5450 - facsimile
Philip.Giorlando@bswllp.com

Mark W. Peters (*admitted pro hac vice*)
Cynthia T. Lee (*admitted pro hac vice*)
HOLLAND & KNIGHT, LLP
Symphony Center
150 Third Avenue South, Suite 2800
Post Office Box 198966
Nashville, Tennessee 37201
Phone: 615-244-6380
markwpeters@hklaw.com
cynthia.lee@hklaw.com

*Counsel for the Vermilion Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Support of Motion to Dismiss the Amended Complaint has been filed with the Clerk of Court using the CM/ECF system upon the individuals identified below. A copy has also been served *via* First Class Mail upon Plaintiff Urness Gray.

Lindsay J Calhoun
Phelps Dunbar (NO)
365 Canal St Ste 2000
New Orleans, LA 70130-6534
504-566-1311
lindsay.calhoun@phelps.com

15

Iwana Rademaekers
Law Offices of Iwana Rademaekers
17304 Preston Rd Ste 800
Dallas, TX 75252
214-579-9319
iwana@rademaekerslaw.com

*Counsel for Defendant Lincoln National Life Insurance Co.*

Urness Gray
125 Rue Viansa
Lafayette, Louisiana 70501

*Plaintiff*

on this the 26th  day of June, 2026.

                                        */s/ Cynthia T. Lee*

16