# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| URNESS J. GRAY, ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | **Judge David C. Joseph** |
| v. ) | |
| ) |  **Case No. 6:25-cv-00202-DCJ-DJA** |
| ACADIA HEALTHCARE COMPANY, ) | |
| VERMILION BEHAVIORAL HEALTH ) | |
| SYSTEMS, KAYLA CALLAHAN, and THE ) | |
| LINCOLN NATIONAL LIFE INS. COMPANY ) | |
| DISABILITY AND LIFE ) | |
| ) | |
|    **Defendants.** ) | |

---

**DECLARATION OF CYNTHIA LEE**

---

I, Cynthia Lee, being duly sworn according to the law and under penalty of perjury declare:

1.     I am over 18 years of age.

2.     I am employed by Holland and Knight as an Associate Attorney. I am counsel of record for Defendants Acadia Healthcare, Inc., Vermilion Hospital d/b/a/ Vermilion Behavioral Health and Kayla Callahan. With my job titles and responsibilities, I have personal knowledge of the facts set forth herein and declare they are true and correct.

3.     On May 26, 2026, an envelope addressed to Mark Peters was delivered to Holland and Knight and signed for by Holland and Knight's mail room personnel. The envelope contained an Amended Complaint and a Notice of Lawsuit and Request to Waive Service of a Summons for Acadia Healthcare. *See* **Exhibit A**.

4.     It is unclear what date the waiver request was placed in the mail.

5.    Mark Peters is a Partner at Holland and Knight and serves as outside legal counsel for Acadia. He is not an officer, agent, manager, managing agent, or authorized agent of Acadia and is not authorized to accept service on its behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This the 26th day of June, 2026

_____
Cynthia Lee

# EXHIBIT A



Yoness J Gray
125 Rue Jeanss
Lafayette La 70501

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
Western District of Louisiana

| | |
|---|---|
| Urness Gray | ) |
| *Plaintiff* | ) |
| v. | ) |
| Acadia Healthcare | ) |
| *Defendant* | ) |

Civil Action No.   6:25 cv 00202 DCJ DJA

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   Acadia Healthcare

    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

    A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

    This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

    If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

    Please read the enclosed statement about the duty to avoid unnecessary expenses.

    I certify that this request is being sent to you on the date below.

Date:   _____05/15/2026_____

 

_____
*Signature of the attorney or unrepresented party*

**Urness Gray**
*Printed name*
**125 Rue Viansa**
**Lafayette,La 70501**

_____
*Address*

**urnessgray@yahoo.com**
*E-mail address*

**(337) 541 4163**
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the

|                    |   |                  |
|--------------------|---|------------------|
| _____ | ) |                  |
| *Plaintiff*        | ) |                  |
| v.                 | ) | Civil Action No. |
| _____ | ) |                  |
| *Defendant*        | ) |                  |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the

| | | |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| Defendant | ) | |

### WAIVER OF THE SERVICE OF SUMMONS

To: _____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____          _____
                                           *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

                                      _____
                                           *Printed name*

                                        _____
                                           *Address*

                                        _____
                                         *E-mail address*

                                        _____
                                        *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**URNESS J. GRAY,**
Plaintiff, Pro Se

v.

**ACADIA HEALTHCARE COMPANY, INC.,**
**VERMILION BEHAVIORAL HEALTH SYSTEMS,**
**KAYLA CALLAHAN,**
**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Defendants.

Case No. 6:25-cv-00202
Judge David C. Joseph
Magistrate Judge David J. Ayo

---

# AMENDED COMPLAINT

Plaintiff, appearing pro se, respectfully submits this Amended Complaint and states the following:

---

# I. INTRODUCTION

1. This is an employment case involving medical leave, disability accommodation, insurance issues, and retaliation.

Urness Gray                           Case No.6:25-cv-00202

2. Plaintiff files this Amended Complaint as ordered by the Court to provide a clear and plain statement of the facts showing entitlement to relief.

# II. JURISDICTION AND VENUE

1. This Court has jurisdiction because the events involve federal employment laws.

2. Venue is proper because the events happened in the Western District of Louisiana.

# III. PARTIES

1. Plaintiff is a resident of Lafayette, Louisiana and worked as a nurse at Vermilion Behavioral Health Systems.

2. Acadia Healthcare Company, Inc. operates Vermilion Behavioral Health Systems.

3. Vermilion Behavioral Health Systems is Plaintiff's former workplace.

4. Kayla Callahan was the HR Director at Vermilion.

5. The Lincoln National Life Insurance Company handled Plaintiff's disability insurance.

Urness Gray                    Case No.6:25-cv-00202

# IV. FACTUAL ALLEGATIONS

1. On **August 18, 2023**, Plaintiff returned a missed call from HR Director **Kayla Callahan**, who was on vacation and called from her personal phone.

2. Callahan accused Plaintiff of "threatening her workers" and said she heard Plaintiff "wanted to call corporate."

3. Plaintiff denied threatening anyone and explained she only asked for the corporate number for her son.

4. Callahan told Plaintiff she "better not call corporate" or she "would be sorry," and said Plaintiff should "be glad to be working at Vermilion" and "appreciate all the hours" she was being given.

5. This call caused Plaintiff severe anxiety, distress, and physical illness. Plaintiff called out of work for several days.

6. On **August 24, 2023**, Plaintiff filed a formal complaint about Callahan's conduct.

7. On **August 25, 2023**, Plaintiff met with Chief Nursing Officer **Nichole Hale**, who suggested Plaintiff may need to go out on FMLA due to her mental-health condition.

8. Plaintiff sought medical care and was diagnosed with high blood pressure, right-sided weakness, pain, and a mental-health crisis.

Urness Gray                                        Case No.6:25-cv-00202

9. On **August 28, 2023**, Plaintiff received FMLA paperwork from corporate leave specialist **Sabrina Weis**.

10. Plaintiff's doctor completed the paperwork on **September 13**, with corrections submitted on **September 21**.

11. Despite being copied on all communications, Callahan emailed Plaintiff on **September 19** claiming Plaintiff was on "unapproved leave."

12. Plaintiff attempted to obtain mental-health treatment, but referral errors delayed care. Plaintiff informed Sabrina of these issues on **September 28**.

13. Payroll problems began in September. Plaintiff's pay was changed multiple times by Callahan and Hale.

14. Plaintiff reported payroll issues to staffing coordinator **Luis Broussard** on **September 27**.

15. On **October 3**, Hale called Plaintiff from her personal phone and said that if Plaintiff did not turn in paperwork, "they" would fire her.

16. Plaintiff submitted all paperwork on **October 4**, and FMLA was approved through **November 10**.

17. On **October 30**, Sabrina emailed saying Plaintiff's leave would end on **November 11**, even though Plaintiff's next specialist appointment was not until **December 5**.

18. On **November 15**, Sabrina started the ADA accommodation process.

19. Plaintiff's doctor's office made administrative errors, and paperwork was misrouted.

20. On **December 1**, Plaintiff discovered she had been terminated and printed the system screen showing "Terminated."

21. On **December 4**, Plaintiff received an email confirming termination, followed by a letter on **December 5**.

22. Also on **December 4**, Callahan cancelled Plaintiff's health insurance retroactive to **December 1**, even though Plaintiff had prepaid premiums.

23. Plaintiff missed her December 5 specialist appointment and could not fill prescriptions.

24. On **December 6**, Sabrina emailed saying Plaintiff's ADA accommodation was approved through **December 31**, even though Plaintiff had already been terminated.

25. Plaintiff rescheduled all December appointments. Gynecology moved to **January 2024**, and psychiatry to **February 26, 2024**.

26. Plaintiff contacted corporate. **Lorenzo Rivera** responded on **December 28** and received all documentation.

27. Rivera said he would investigate but never provided results.

28. Plaintiff requested a work-from-home accommodation in Admissions, where other nurses were working remotely. Plaintiff applied as instructed but was not accommodated.

29. On **January 23, 2024**, Sabrina closed the ADA case due to missing paperwork, despite Plaintiff's efforts.

**30.** **On February 1, 2024**, Plaintiff received an email from HR stating that her ADA accommodation had expired on **December 31, 2023.**

31. The same email stated that Vermilion had approved Plaintiff for PRN (as-needed) employment for 60 days, starting **January 1, 2024** and ending **February 29, 2024.** Plaintiff had not requested PRN status, and no one discussed this change with her before it was made.

Urness Gray                          Case No.6:25-cv-00202

32. The email also stated that if Plaintiff did not work for at least two consecutive months during this 60-day period, she would be terminated. This was confusing because Plaintiff was still dealing with medical issues, still trying to complete ADA paperwork.

33. This PRN approval and threat of termination were made without any conversation, meeting, or explanation, and it added more stress and confusion during a time when Plaintiff was already struggling with her health and trying to comply with the ADA process.

34. Plaintiff attended her rescheduled appointment on **February 26, 2024,** was prescribed medication, and began therapy.

35. On **March 26, 2024,** Plaintiff learned her insurance had been cancelled again and backdated to **December 31, 2023,** causing large medical bills.

36. Plaintiff received no further communication from Vermilion or Acadia.

37. On **September 3, 2024,** Plaintiff applied for a remote position with Acadia and notified Rivera. No response.

38. Plaintiff followed up on **September 12.** No response.

39. Plaintiff later learned she needed to request the full disability policy from Lincoln.

40. When Plaintiff originally signed up for disability insurance, she was not given a copy of the policy, a summary of the policy, or any explanation of how the policy worked.

41. The materials provided were only a few pages of basic information and frequently asked questions. Nothing said she needed to request the full policy or that approval was not automatic.

42. Based on the information provided, Plaintiff believed she would automatically be covered if she became unable to work.

Urness Gray                               Case No.6:25-cv-00202

43. Plaintiff did not learn she needed the full policy until after her claim was denied. By then, her insurance had been cancelled twice, preventing her from getting the medical documentation Lincoln required.

44. Plaintiff was denied disability benefits because she did not have the policy information or the medical documentation she needed, even though she was never told how to obtain either one.

45. As a result of the ongoing stress and untreated symptoms, Plaintiff experienced another severe mental-health crisis in **October 2024**.

46. Plaintiff was unable to work from **October through December 2024**.

47. In **January 2025**, Plaintiff's employer contacted her to ask if she was ready to return, and she returned to work after stabilizing.

---

# V. CLAIMS FOR RELIEF

**Medical Leave Interference:** Defendants interfered with my ability to take medical leave by threatening me, changing my pay, giving me wrong information, and terminating me while I was still dealing with serious health issues.

**Retaliation for Using Medical Leave:** After I was threatened and reported problems, my pay was changed, my insurance was cancelled, and I was terminated.

Urness Gray                    Case No.6:25-cv-00202

1. **Failure to Accommodate My Medical Conditions:** I asked for reasonable accommodations, including time to complete paperwork and the ability to work from home. No accommodations were provided.

2. **Retaliation for Requesting Accommodations:** After I asked for help and filed complaints, I was ignored, denied assistance, and treated worse.

3. **Wrongful Termination:** I was terminated while still dealing with medical issues and still in the ADA process.

4. **Interference With Disability Benefits:** My insurance was cancelled twice, preventing me from getting medical documentation needed for my disability claim, and I was given the policy information too late to be of any good.

5. **Failure to Maintain Health Insurance:** My health insurance was cancelled without notice, causing me to miss appointments and pay out-of-pocket.

6. **Retaliation for Filing Complaints:** After reporting the August 18 call I was retaliated against and ultimately lost my job.

---

# VI. DAMAGES

1. I seek lost wages, lost benefits, medical expenses, emotional distress damages, and any other relief the Court finds appropriate.

Urness Gray                                     Case No.6:25-cv-00202

# VII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment in her favor and all relief allowed by law.

# SIGNATURE

Respectfully submitted;

 Urness J. Gray

125 Rue Viansa

Lafayette, LA 70501

Plaintiff, Pro Se

Urness Gray                            Case No.6:25-cv-00202